**Helen F. LAWSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57344.**

Court of Criminal Appeals of Texas, Panel No. 1.

May 16, 1979.

Rehearing Denied Sept. 24, 1980.

Guinn D. Tate, Henderson, for appellant.

Donald R. Ross, County Atty. and David P. Brown, Asst. County Atty., Henderson, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for theft by check over twenty dollars ($20.00). The punishment, assessed by the court, was thirty (30) days in the county jail and a fifty dollar ($50.00) fine, probated for a period of one (1) year. See Article 42.13, V.A.C.C.P.

On appeal appellant advances three grounds of error. She contends that there is no evidence of probative value identifying her as the perpetrator of the offense alleged, that proof of handwriting will not

support a conviction where the signature is denied under oath, and that the trial judge assumed the role of prosecutor stepping out of his impartial role of supervisor of the trial and thus abusing his discretion.

The record before us reflects an unassigned ground of error that must be considered "in the interest of justice." See Article 40.09, § 13, V.A.C.C.P. The record shows that appellant waived the right to counsel and attempted to defend herself. The question presented is whether the appellant voluntarily and intelligently waived her right to counsel only after being made aware of the advantages and disadvantages of self–representation so that it is clear that she " 'knows what he is doing and his choice is made with eyes open'." *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975).

In *Jordan v. State*, 571 S.W.2d 883 (Tex. Cr.App.1978), this court wrote:

"It is well settled that criminal defendants in misdemeanor cases are entitled to counsel if there exists a possibility that imprisonment may be imposed. See *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Ex parte Herrin*, 537 S.W.2d 33 (Tex.Cr.App.1976); *Walker v. State*, 486 S.W.2d 330 (Tex.Cr. App.1972).[1] However, an accused may waive his right to counsel if such waiver is made voluntarily with knowledge of the consequences thereof. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Barbour v. State*, 551

S.W.2d 371 (Tex.Cr.App.1977); *Thomas v. State*, 550 S.W.2d 64 (Tex.Cr.App.1977). To assure protection of so fundamental a right, courts indulge every reasonable presumption against waiver of counsel. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Barbour v. State*, supra; *Thomas v. State*, supra. To this extent, this court has held that the record must clearly show that the accused voluntarily, knowingly and intelligently waived his right to represent himself. *Thomas v. State*, supra; *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.1976). In *Faretta v. California*, supra, the Supreme Court held that the record should reflect that the defendant waived his right to counsel only after being made aware of the advantages and disadvantages of self–representation so that it is clear that he 'knows what he is doing and his choice is made with eyes open.' 425 U.S. at 835, 95 S.Ct. at 2541."

Although the appellant in the instant case orally stated she would waive counsel and signed a written waiver, the record contains no evidence she comprehended the meaning of her act or the problems of self–representation. There was no inquiry into her age, educational background, her legal experience, her knowledge of the rules of evidence and trial procedures, nor was she informed of the advantages of having counsel and the possible disadvantages of representing oneself.[2] In light of *Faretta* and *Jordan*, the case must be reversed.

1. Since the above was written, the United States Supreme Court has handed down its decision in *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), interpreting its decision in *Argersinger v. Hamlin*, supra. Scott had been convicted of shoplifting and fined $50.00, but since the statute under which he was convicted provided a possible punishment of one year in jail, a fine not to exceed $500.00 or both, he contended *Argersinger* required the appointment of counsel for an indigent defendant. The Supreme Court divided 5‑4. Speaking for the majority, Mr. Justice Rehnquist wrote:

". . . the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of impris-

onment unless the State has afforded him the right to assistance of appointed counsel in his defense."

Thus, it appears that the possibility of imprisonment in a misdemeanor case does not trigger *Argersinger*, but only if imprisonment in such case is actually imposed does *Argersinger* come into play. *Argersinger* is thus applied to the end result of a case rather than the risks and possibilities of imprisonment facing an indigent defendant without counsel in a misdemeanor case. Color me amazed at least one more time. See this writer's dissenting opinion in *Aldrighetti v. State*, 507 S.W.2d 770 (Tex.Cr.App. 1974).

2. The record reflects that appellant made no objections and did not cross‑examine any of the State's witnesses. The rule was not appar-

The judgment is reversed and the cause remanded.

ently invoked, nor was it explained to the appellant. While the appellant was told she did not have to testify, the court informed her it "would be happy" to hear anything she had to offer.