**Ronnie Joe WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–88–00725–CR.**

Court of Appeals of Texas, Dallas.

June 19, 1989.
Discretionary Review Refused
Oct. 25, 1989.

Lawrence B. Mitchell, Dallas, for appellant.

Robert P. Abbott, Dallas, for appellee.

Before STEWART, BAKER and KINKEADE, JJ.

BAKER, Justice.

Ronnie Joe Williams was convicted by a jury for burglary of a building and sentenced to life imprisonment. Appellant contends that the trial court erred (1) in permitting him to waive counsel and represent himself in the trial and (2) in failing to follow the provisions of article 1.051(g) of the Texas Code of Criminal Procedure. We overrule these points and affirm the trial court's judgment.

The record reflects that appellant was represented by court-appointed counsel prior to the trial. This counsel prepared and filed various motions on appellant's behalf and conducted a hearing on the pretrial motions. However, on the day of the trial, appellant informed the court that he desired to represent himself in the trial. Appellant argues that he did not knowingly, intelligently, or voluntarily waive his right to counsel. We disagree.

A defendant in a criminal trial is constitutionally guaranteed the right to proceed without counsel when he voluntarily and intelligently elects to do so. *See Hawkins v. State*, 613 S.W.2d 720, 727 (Tex.Crim.App.1981). However, the right to counsel is of such critical importance that finding a waiver of such right is not

easily inferred. *See Lawson v. State,* 604 S.W.2d 91, 92 (Tex.Crim.App.1979). Prior to permitting an accused to waive his right to counsel, the trial court is obligated to advise the accused of the dangers and disadvantages of self-representation. *See Renfro v. State,* 586 S.W.2d 496, 500 (Tex. Crim.App.1979). Although a careful trial court should inquire into a defendant's age, educational background, legal experience, and knowledge of rules of evidence and trial procedure prior to permitting the waiver of counsel, the independent constitutional right of self-representation does not mandate that the trial court make such an inquiry in every instance, for the record may otherwise be sufficient for the court to make assessment of a defendant's knowing exercise of the right to waive counsel and defend himself. *See Martin v. State,* 630 S.W.2d 952, 954 (Tex.Crim.App.1982).

■ The record reflects that the trial court repeatedly advised appellant of the dangers and disadvantages of self-representation. There was considerable dialogue between the court and appellant on the existence of technical rules of evidence and procedure, the fact that appellant would be expected to follow these rules, and the dangers of self-representation since appellant was not a licensed lawyer. The court also specifically admonished appellant that he would have the sole responsibility for making objections, questioning the prospective jurors and witnesses, making jury argument, and all related matters relevant to the trial of a criminal case. The record reflects that appellant demonstrated some knowledge of procedural law as he said he had studied the cases and statutes applicable to his situation and had filed writs. The record shows that appellant was thirty-eight years of age and that he had a degree in business which he secured in 1988 from the Texas Department of Corrections. The trial court made it clear to appellant that the court believed appellant should not represent himself but that if appellant was insistent, he would permit it. In our view, the record reflects that appellant's decision to represent himself was knowingly, intelligently, and voluntarily made, and the trial court did not err in permitting appellant to do so. We hold that constitutional safeguards were adhered to by the careful trial judge, and the record clearly reflects that appellant was aware of the dangers and disadvantages of self-representation. *See Johnson v. State,* 760 S.W.2d 277, 278 (Tex.Crim.App.1988). We overrule appellant's first point of error.

■ In his second point of error, appellant contends that the trial court erred in failing to follow the provisions of article 1.051(g) of the Texas Code of Criminal Procedure. This statute provides that if an accused wishes to waive his right to counsel, and if the court determines that the waiver is voluntarily and intelligently made, then the court shall provide the accused with a statement in writing to be signed by the accused that he has been advised of his right to representation by counsel, that he has been advised that if he is unable to afford counsel one would be appointed, that such accused wishes to waive that right and requests the court to proceed with the case without an attorney being appointed, and that right to counsel was waived. *See* TEX.CODE CRIM.PROC. ANN. art. 1.051(g) (Vernon Supp.1989). The appellant states that there is nothing in the record showing that the court complied with these provisions. Appellant argues that the terms of the statute are mandatory and that because of the trial court's failure to adhere to the mandatory provisions of the statute, the cause should be reversed and remanded.

The record reflects that appellant made no objection to the trial court's failure to provide the form specified in article 1.051(g). Even if the form is required as a matter of right, a defendant in a criminal prosecution may waive any rights secured him by law except the right of trial by jury in a capital felony case. TEX.CODE CRIM.PROC.ANN. art. 1.14(a) (Vernon Supp.1989). Also, in order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling he desired the court to make. TEX.R.APP.P. 52(a). We hold that appellant has waived

his right, if any, and has failed to preserve any error for review. We overrule appellant's second point of error.

We affirm the trial court's judgment.