**Paul Edward ARCHIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–00588–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 4, 1990.

Discretionary Review Granted
Jan. 10, 1991.

Tom Donald Moran, Houston, for appellant.

John Brook, Houston, for appellee.

Before ROBERTSON, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of guilty before the court to the offense of possession of a controlled substance, cocaine, in an amount less than 28 grams. TEX.HEALTH & SAFETY CODE ANN. § 481.115. The court assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(b), at confinement for thirty (30) years. Appellant brings six points of error. We are not persuaded by appellant's arguments and affirm the judgement of the trial court.

On October 8, 1988, while driving northbound on the 6900 block of Cullen, Patrol Sergeant Richard Spencer of the Houston Police Department noticed reddish, thick smoke trailing from the exhaust pipe of appellant's car. After observing other cars slowing down because of the smoke, Sergeant Spencer pulled over appellant's vehicle. Upon questioning by the sergeant, appellant stated he had no drivers license and gave two different names. When appellant finally handed over his license, a check with the radio dispatcher revealed appellant was driving with a suspended license and with three outstanding warrants for his arrest. Appellant was arrested and transferred to the city jail where an inventory search produced the vial of cocaine which makes the basis of this appeal.

 In his second and third points of error, appellant claims he did not knowingly and intelligently invoke his right to self representation because the trial court failed to properly admonish him of the dangers and disadvantages of self representation. The Sixth Amendment to the United States Constitution guarantees a person accused of a crime the right to represent himself in such proceedings. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). While *Faretta* does not mandate an inquiry concerning appellant's age, education, background or previous mental health history in *every* instance where an accused expresses a desire to

represent himself, the record must contain proper admonishments concerning pro se representation and any necessary inquiries of the defendant so that the trial court may make an assessment of his knowing exercise of the right to defend himself. *Blankenship v. State,* 673 S.W.2d 578, 583 (Tex. Crim.App.1984), citing *Martin v. State,* 630 S.W.2d 952, 954 (Tex.Crim.App.1982). To make this assessment, we require no litany, no formulaic questioning, but defendants must be aware of the dangers and disadvantages of self-representation so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Johnson v. State,* 760 S.W.2d 277, 278 (Tex.Crim.App.1988), citing *Blankenship,* and *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541.

 The record reflects that the trial court adequately advised appellant of the dangers and disadvantages of self representation. The court advised appellant the rules of evidence and procedure as applied to lawyers would also apply to him. The court also informed appellant it would treat his objections in exactly the same manner as a lawyer's objections. In addition, the court admonished appellant he would be under the same rules of procedure and conduct required of a lawyer. Furthermore, the court warned appellant it would not "cut [him] any slack" and would "hold [him] to one hundred percent the same standard" to which a lawyer would be held. Finally, the court cautioned appellant the appellate court would also not "cut [him] any more slack than they would for a regular lawyer."

The record also shows that when asked whether he had tried any cases, appellant stated he tried a federal civil rights case in which he represented himself. Although appellant was confused as to the court and the judge, he accurately stated the case went to the Fifth Circuit where the court ruled on "several allegations in [his] favor." In fact, there are three reported Fifth Circuit cases in which appellant is listed as representing himself. Moreover, in one case where appellant complained of the denial of appointment of counsel, appel-

lant admitted he was an experienced "writ writer." *Archie v. Christian,* 812 F.2d 250, 252 (5th Cir.1987). The Fifth Circuit Court of Appeals found he was familiar with the rudiments of the legal system and able to put on an effective case. *Id.* Appellant also admitted in the record of this case that he had never represented himself in a criminal trial. Appellant did have prior familiarity with the criminal justice system. In addition, in the instant case the record reveals that appellant filed six pro se motions with the trial court. The record further shows that appellant had one hundred twenty hours college credit.

■ Appellant contends *he did not invoke his right* to self-representation but instead wanted new counsel. Before the June 12, 1989 trial date, the court twice appointed counsel to represent appellant. Two days after appellant's arrest, the court appointed Mr. Kenneth P. Mingledorff who filed several motions on appellant's behalf before appellant failed to appear for his arraignment. Shortly after appellant's rearrest, the court appointed Mr. Ray Montgomery to take up appellant's defense.

On the day of trial, appellant filed a handwritten, pro se Motion To Dismiss Counsel and indicated in open court he intended to retain counsel by the name of Penwright. The court coordinator contacted appellant's mother who indicated she had spoken to Penwright but had not hired him. The trial was reset to the following day at which time the judge confirmed she had personally spoken to Mr. Penwright who stated he did not represent appellant. At that point, appellant objected "to going to trial" and stated he wanted to represent himself. After the trial court's admonishments, appellant continued to insist that Penwright was representing him. The trial court told appellant this would not be the case and informed him that he could have Mr. Montgomery advise him. Appellant requested another attorney and the court gave him the choice of Mr. Montgomery or self-representation. When appellant objected to "this man" representing him, the court excused Mr. Montgomery.

■ It is well-settled that an accused's right to represent himself or choose his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *Hubbard v. State,* 739 S.W.2d 341, 344 (Tex.Crim.App.1987), citing *Webb v. State,* 533 S.W.2d 780, 786 (Tex. Crim.App.1976). If an indigent defendant is displeased with his appointed counsel, he must timely bring the matter to the court's attention. 739 S.W.2d at 344. We think the trial court exhibited extraordinary patience ensuring appellant received representation. Appellant's Motion To Dismiss Counsel and decision to proceed pro se were not timely brought before the trial court, since they were not made until the day of trial [eight months after the offense]. Although appellant's motion was apparently groundless, the court made a concerted effort to determine whether appellant had retained counsel. Furthermore, appellant's decision to represent himself was made after the court made him fully aware of the disadvantages of self-representation. Finally, appellant's decision was not based *solely* on the court's refusal to appoint different counsel, but on his knowing and voluntary choice to forego counsel and proceed on his own. *See Renfro v. State,* 586 S.W.2d 496, 500 (Tex.Crim. App.1979). Where an accused is not satisfied with appointed counsel and cannot show adequate cause for the appointment of different counsel, *in the absence of a voluntary and intelligent waiver of counsel by the appellant,* he should be required by the court to accept appointed counsel and not be required to represent himself merely on the basis of his dissatisfaction with appointed counsel. *Rodriguez v. State,* 763 S.W.2d 893, 895 (Tex.App.—San Antonio 1988, pet. ref'd). As we noted earlier, appellant had been representing himself for all practical purposes up to the day of trial. On the day of trial, appellant simply decided he did not need counsel and voiced that to the court in a roundabout manner. The court offered him standby counsel but he refused the offer.

In our view, the record reflects that appellant's decision to represent himself was

knowingly, intelligently, and voluntarily made, and the trial court did not err in permitting appellant to do so. *Williams v. State,* 774 S.W.2d 703, 705 (Tex.App.—Dallas 1989, pet ref'd). We hold that constitutional safeguards were adhered to by the careful trial judge and the record clearly reflects that appellant was aware of the dangers and disadvantages of self representation. *Id.* We overrule appellant's second and third points of error.

■ In his first and fourth points of error, appellant claims he did not knowingly and intelligently waive his right to counsel and that the trial court failed to adhere to TEX.CODE CRIM.PROC.ANN. art. 1.051(g). To forego counsel in a criminal case, a defendant must knowingly and intelligently waive his right to counsel. *Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). To decide whether a defendant's waiver is intelligent and voluntary, the trial court should inquire into the defendant's background, age, education and experience. *Geeslin v. State,* 600 S.W.2d 309, 313 (Tex.Crim.App. 1980). The court must ensure that the waiver is not the result of coercion or mistreatment of the defendant, and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he is waiving. *United States v. Martin,* 790 F.2d 1215, 1218 (5th Cir.), cert. denied, 479 U.S. 868, 107 S.Ct. 231, 93 L.Ed.2d 157 (1986).

■ It is apparent from the record described above that appellant exercised a knowing, intelligent, and voluntary waiver. As a result, the trial court had no duty to require appellant to accept appointed-counsel. 763 S.W.2d at 895. Moreover, the court had no obligation to provide appellant with the waiver form *suggested* in article 1.051(g). *Johnson v. State,* 760 S.W.2d 277, 290 (Tex.Crim.App.1988). Furthermore, the record reflects that appellant made no objection to the trial court's failure to provide the form. *Williams v. State, supra,* 774 S.W.2d at 705 citing TEX. R.APP.P. 52(a). Even if the form is required as a matter of right, a defendant in

a criminal prosecution may waive any rights secured him by law except the right of trial by jury in a capital felony case. TEX.CODE CRIM.PROC.ANN. art. 1.14(a). We overrule appellant's first and fourth points of error.

■ In his fifth point of error, appellant claims the trial court erred in proceeding to trial without a jury because appellant was not represented by counsel when he waived his right to a jury trial. Article 1.13 of the Texas Code of Criminal Procedure provides in pertinent part:

> Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.

The record clearly shows that appellant signed a written waiver of a jury trial while representing himself. It is equally clear that before appellant signed the waiver, he waived the right to appointed counsel. Appellant was not denied representation in waiving a jury trial. Furthermore, appellant made no objection before the trial court and preserved nothing for review. TEX.R.APP.P. 52(a). Appellant's fifth point of error is overruled.

In his sixth point of error, appellant claims the trial court erred in overruling his motion to suppress. Specifically, appellant contends the initial stop by the police was without probable cause and a pretext for searching appellant. Appellant says that any evidence seized thereafter was illegally obtained.

■ An arrest for one crime is not permitted to be used as a pretext to search for evidence of another. *United States v. Lefkowitz,* 285 U.S. 452, 467, 52 S.Ct. 420, 424, 76 L.Ed. 877 (1932). When an arrest is used as a pretext, it is an illegal arrest and evidence discovered as a result of it may not be used at trial. *Black v. State,* 739 S.W.2d 240, 243 (Tex.Crim.App.1987). Various factors can establish the existence of a pretext arrest. Such factors include the officer's routine duty, the timing of and the circumstances surrounding the arrest, the relationship between the search and the arrest and finally, the officer's reasons or

motive. *Stoneham v. State,* 764 S.W.2d
13, 15 (Tex.App.—Houston [14th Dist.]
1988, no pet.), citing *Amador–Gonzalez v.
U.S.,* 391 F.2d 308, 315 (5th Cir.1968).

▬ In this instance, it was Sergeant Spencer's routine duty to enforce flagrant violations of the traffic laws. The emission of thick smoke from appellant's car was sufficient authority to stop appellant. TEX.REV.CIV.STAT.ANN. art. 6701d (Vernon 1964). When the sergeant asked for appellant's driver's license, appellant stated he had no license and gave the sergeant two different names. After appellant finally turned over his license, the sergeant checked with the dispatcher who reported appellant's license was suspended and that appellant had three outstanding municipal warrants. At that point, the sergeant had probable cause to arrest and search appellant. A search incident to a lawful arrest requires no warrant if it is restricted to a search of the person or objects immediately associated with the person of the arrestee. *U.S. v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). Nonetheless, appellant was not even searched until he reached the city jail where a routine inventory search by another officer led to the discovery of the vial of cocaine. There is no evidence in the record to suggest that appellant was stopped for any other reason other than for the emission of excessive smoke from his vehicle. The cumulative effect of appellant's traffic offenses and outstanding warrants properly resulted in the arrest and search of appellant. Appellant's sixth point of error is overruled.

The judgment is affirmed.