Goffney v. State 






NO. 10-90-051-CR
NO. 10-90-052-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

Â Â Â Â Â Â Â Â Â Â LARRY GOFFNEY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

* * * * * * * * * * * * *

From County Court at Law #1
McLennan County, Texas
Trial Court #893809 CR1
Trial Court #893811 CR1

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Â Â Â Â Â Â Â Â Â Â Appearing pro se, Larry Goffney was convicted by a jury of the offenses of driving while
intoxicated and unlawfully carrying a weapon. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1
(Vernon Supp. 1991); Tex. Penal Code Ann. Â§ 46.06 (Vernon 1989). The court assessed his
punishment at 90 days in jail and a $100 fine for each offense. Appellant contends the evidence
is insufficient to show that (1) his decision to waive counsel was made intelligently, voluntarily,
and knowingly and (2) the court admonished him regarding his right to court-appointed counsel
and the "pitfalls" of self-representation. We agree with Appellant. Â 
Â Â Â Â Â Â Â Â Â Â The only information the record reveals on this subject is contained on the docket sheets
and in the judgments and sentences. The court noted on the docket sheets that Appellant appeared
pro se and waived an attorney and record. Each judgment recites that "the above entitled and
numbered cause was called for trial, and the above-named Defendant, in person and having
knowingly and intelligently waived his right to counsel . . . ." Portions of Appellant's sentences
are as follows:
On this the 26th day of March, 1990, the above entitled and numbered
cause was again called for the purpose of having the sentence of law pronounced
therein in accordance with the judgment therein rendered on the 26th day of
February, 1990, and Defendant and Defendant's counsel, (Defendant having
knowingly, intelligently and voluntarily waived his right to counsel, and the Court
having so found) and the State's attorney . . . .
Â Â Â Â Â Â Â Â Â Â Article 1.051(g) of the Texas Code of Criminal Procedure provides: 
If a defendant wishes to waive his right to counsel, the court shall advise him of the
dangers and disadvantages of self-representation. If the court determines that the
waiver is voluntarily and intelligently made, the court shall provide the defendant
with a statement substantially in the following form, which, if signed by the
defendant, shall be filed with and become part of the record of the proceedings. 
I have been advised this ____ day of ______, 19__, by the (name of
court) Court of my right to representation by counsel in the trial of
the charge pending against me. I have been further advised that if
I am unable to afford counsel, one will be appointed to me free of
charge. Understanding my right to have counsel appointed for me
free of charge if I am not financially able to employ counsel, I wish
to waive that right and request the court to proceed with my case
without an attorney being appointed for me. I hereby waive my
right to counsel. (signature of the defendant) 
Tex. Code Crim. Proc. Ann. art. 1.051(g) (Vernon Supp. 1991) (emphasis added).
Â Â Â Â Â Â Â Â Â Â Since the adoption of article 1.051(g), appellate courts have, on occasion, dispensed with
the necessity of a signed, written statement if the record in its entirety shows that the defendant
voluntarily, knowingly, and intelligently waived his right to counsel and if he was fully warned
of the dangers and disadvantages of self-representation. See Archie v. State, 799 S.W.2d 340, 344
(Tex. App.âHouston [14th Dist.] 1990, pet. granted); Burgess v. State, 790 S.W.2d 856, 860
(Tex. App.âHouston [14th Dist.] 1990, pet. granted) (holding that the defendant's signed motion
to proceed pro se was in substantial compliance with article 1.051(g)); Williams v. State, 774
S.W.2d 703, 705 (Tex. App.âDallas 1989, pet. ref'd). Citing Texas Rule of Appellate Procedure
52(a), the courts in Williams and Archie held that, even if a statement is required, the defendants
in those cases waived being provided such a statement because they failed to complain about it at
trial. See Tex. R. App. P. 52(a); Archie, 799 S.W.2d at 344; Williams, 774 S.W.2d at 705. 
Â Â Â Â Â Â Â Â Â Â We read article 1.051(g) to require that the trial court provide a statement, in
"substantially" the same language as the suggested form, to a defendant who is waiving counsel. 
See Tex Code Crim. Proc. Ann. art. 1.051(g) (Vernon Supp. 1991); Tex. R. App. P. 52(a). 
The only way that the record can reflect that a statement was provided to a defendant when he
waived counsel is for it to be signed and filed in the record. Neither of the records in Appellant's
cases contain such a statement. Thus, because the court failed to comply with the requirements
of article 1.051(g), we sustain Appellant's point. See Tex. Code Crim. Proc. art. 1.051(g)
(Vernon Supp. 1991). Â 
Â Â Â Â Â Â Â Â Â Â We believe that the 1.051(g) statement is required, with or without objection. Even if it
were not required, the record in each case is inadequate. Nothing in either record shows that
Appellant was aware of the dangers and disadvantages of self-representation. See Johnson v.
State, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988). The trial judge's notations are conclusions
made by him and shed no light on Appellant's understanding. 
Â Â Â Â Â Â Â Â Â Â In the cases cited, the courts found that the records affirmatively reflected that the
defendants were aware of the dangers of self-representation. See Archie, 799 S.W.2d at 344;
Burgess, 790 S.W.2d at 860; Williams, 774 S.W.2d at 705. As stated in Johnson, the defendants
eyes were "open to the fact that . . . [they were] about to embark on a risky course." See id;
Johnson, 760 S.W.2d at 279. We disagree with the State's argument that because Appellant
waived the making of a record, nothing was preserved for us to review. We fail to see the logic
of assertions that a defendant can, by himself, waive his complaints when the record fails to
affirmatively show that he ever invoked his right to self-representation. 
Â 
Â Â Â Â Â Â Â Â Â Â We reverse the judgments and remand the causes for trial. 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Reversed and remanded 
Opinion delivered and filed May 16, 1991 
Publish 



on
the same assertion.

   AnselmoÂs second and third issues are
overruled.

Translation of Plea
Hearing

Â Â Â Â Â Â Â Â Â Â Â  In his last issue, Anselmo contends
his plea was involuntary because there were errors in the translation of the
plea paperwork and the courtroom proceedings.Â  In assessing the voluntariness
of a plea, we review the record as a whole and consider the totality of the
circumstances.Â  Martinez v. State, 981 S.W.2d 195, 197 (Tex.
Crim. App. 1998).Â  An admonishment on punishment is prima facie evidence that a
plea was knowing and voluntary.Â  Martinez, 981 S.W.2d at 197.Â  The
burden then shifts to the defendant to show that the plea was entered without
understanding the consequences thereof.Â  Id.

Â Â Â Â Â Â Â Â Â Â Â  The plea proceedings were interpreted
for Anselmo through a licensed interpreter.Â  The trial court admonished Anselmo
of the range of punishment for each offense, and Anselmo stated that he
understood.Â  Anselmo, as well as the interpreter, signed the written pleas,
waivers, stipulations, and judicial confessions.Â  But on motion for new trial, Anselmo
stated that the plea proceedings were translated very quickly, and he knew
enough English to know that the proceedings were not being translated word for
word.Â  He claimed that because the translation was inadequate, he did not
understand the proceedings fully.Â  In response, the State introduced an
affidavit from the interpreter who stated ÂI fully translated everything that
was said in court in a true and correct manner.Â  Moreover, I repeatedly asked
Mr. Anselmo, during the hearing, if I was going too fast or if there was
something he did not understand.Â  At no time during the hearing did Mr. Anselmo
ever state that he could not understand my translation.ÂÂ  Further, AnselmoÂs
trial counsel testified at the hearing on the motion for new trial that he had
met with Anselmo and talked with him on the phone without the need for an
interpreter because ÂBenizi speaks very good English.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  There is nothing in the record from
AnselmoÂs guilty pleas to indicate that he did not understand the admonitions
or the proceedings.Â  Based on a review of the record, Anselmo did not meet his
burden to show that he did not understand the consequences of his pleas.Â  His
fourth issue is overruled.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having overruled each issue, we affirm
the judgments of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna

Affirmed

Opinion
delivered and filed October 24, 2007

Do
not publish

[CRPM]









[1] Solem
v. Helm, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637 (1983).





[2] See
Oliver v. State, No. 10-06-00152-CR, 2007 Tex. App. LEXIS 6495 (Tex. App.ÂWaco Aug. 15, 2007, no pet. h.) (mem. op.); Nobles v. State, No.
10-06-00153-CR, 2007 Tex. App. LEXIS 6101 (Tex. App.ÂWaco Aug. 1, 2007, no pet.
h.) (mem. op.).