Larry GOFFNEY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 10–90–051–CR, 10–90–052–CR.

Court of Appeals of Texas,
Waco.

May 16, 1991.

Discretionary Review Granted
Sept. 11, 1991.

Mark Jaynes, Waco, for appellant.

John W. Segrest, Crim. Dist. Atty., Lyle V. Gripp, Asst. Dist. Atty., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Appearing pro se, Larry Goffney was convicted by a jury of the offenses of driving while intoxicated and unlawfully carrying a weapon. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1991); TEX.PENAL CODE ANN. § 46.06 (Vernon 1989). The court assessed his punishment at 90 days in jail and a $100 fine for each offense. Appellant contends the evidence is insufficient to show that (1) his decision to waive counsel was made intelligently, voluntarily, and knowingly and (2) the court admonished him regarding his right to court-appointed counsel and the "pitfalls" of self-representation. We agree with Appellant.

The only information the record reveals on this subject is contained on the docket sheets and in the judgments and sentences. The court noted on the docket sheets that Appellant appeared pro se and waived an attorney and record. Each judgment recites that "the above entitled and num-

bered cause was called for trial, and the above-named Defendant, in person and having knowingly and intelligently waived his right to counsel...." Portions of Appellant's sentences are as follows:

On this the 26th day of March, 1990, the above entitled and numbered cause was again called for the purpose of having the sentence of law pronounced therein in accordance with the judgment therein rendered on the 26th day of February, 1990, and ~~Defendant and Defendant's counsel,~~ (Defendant having knowingly, intelligently and voluntarily waived his right to counsel, and the Court having so found) and the State's attorney....

Article 1.051(g) of the Texas Code of Criminal Procedure provides:

If a defendant wishes to waive his right to counsel, the court shall advise him of the dangers and disadvantages of self-representation. If the court determines that the waiver is voluntarily and intelligently made, the court *shall* provide the defendant with a statement substantially in the following form, which, if signed by the defendant, shall be filed and become part of the record of the proceedings.

I have been advised this ___ day of _____, 19__, by the (name of court) Court of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed to me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel. (signature of the defendant)

TEX.CODE CRIM.PROC.ANN. art. 1.051(g) (Vernon Supp.1991) (emphasis added).

Since the adoption of article 1.051(g), appellate courts have, on *occasion*, dispensed with the necessity of a signed, written statement if the record in its entirety shows that the defendant voluntarily, knowingly, and intelligently waived his right to counsel and if he was fully warned of the dangers and disadvantages of self-representation. *See Archie v. State,* 799 S.W.2d 340, 344 (Tex.App.—Houston [14th Dist.] 1990, pet. granted); *Burgess v. State,* 790 S.W.2d 856, 860 (Tex.App.—Houston [14th Dist.] 1990, pet granted) (holding that the defendant's signed motion to proceed pro se was in substantial compliance with article 1.051(g)); *Williams v. State,* 774 S.W.2d 703, 705 (Tex.App.—Dallas 1989, pet. ref'd). Citing Texas Rule of Appellate Procedure 52(a), the courts in *Williams* and *Archie* held that, even if a statement is required, the defendants in those cases waived being provided such a statement because they failed to complain about it at trial. *See* TEX.R.APP.P. 52(a); *Archie,* 799 S.W.2d at 344; *Williams,* 774 S.W.2d at 705.

 We read article 1.051(g) *to require* that the trial court provide a statement, in "substantially" the same language as the suggested form, to a defendant who is waiving counsel. *See* TEX.CODE CRIM. PROC.ANN. art. 1.051(g) (Vernon Supp.1991); TEX.R.APP.P. 52(a). The only way that the record can reflect that a statement was provided to a defendant when he waived counsel is for it to be signed and filed in the record. Neither of the records in Appellant's cases contain such a statement. Thus, because the court failed to comply with the requirements of article 1.051(g), we sustain Appellant's point. *See* TEX. CODE CRIM.PROC. art. 1.051(g) (Vernon Supp. 1991).

 We believe that the 1.051(g) statement is required, with or without objection. Even if it were not required, the record in each case is inadequate. Nothing in either record shows that Appellant was aware of the dangers and disadvantages of self-representation. *See Johnson v. State,* 760 S.W.2d 277, 279 (Tex.Crim.App.1988). The trial judge's notations are conclusions made by him and shed no light on Appellant's understanding.

 In the cases cited, the courts found that the records affirmatively reflected that the defendants were aware of the dan-

gers of self-representation. *See Archie,* 799 S.W.2d at 344; *Burgess,* 790 S.W.2d at 860; *Williams,* 774 S.W.2d at 705. As stated in *Johnson,* the defendants eyes were "open to the fact that ... [they were] about to embark on a risky course." *See id; Johnson,* 760 S.W.2d at 279. We disagree with the State's argument that because Appellant waived the making of a record, nothing was preserved for us to review. We fail to see the logic of assertions that a defendant can, by himself, waive his complaints when the record fails to affirmatively show that he *ever* invoked his right to self-representation.

We reverse the judgments and remand the causes for trial.