**AFFIRM; Opinion Filed November 19, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01520-CR

**DARRYL RAYNARD GORDON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 30600-422**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Myers

Appellant Darryl Raynard Gordon was convicted by a jury of evading arrest or detention with a motor vehicle and sentenced by the jury to life imprisonment. In one issue, he argues the trial court did not adequately admonish him concerning the dangers and disadvantages of self-representation, thereby violating appellant's rights under the Sixth and Fourteenth Amendments of the United States Constitution and Article 1.051 of the Texas Code of Criminal Procedure. We affirm.

### DISCUSSION

In his issue, appellant argues the trial court's admonishments did not go far enough and that "the court should have delved further and deeper into [a]ppellant's intelligence, competence, and knowledge of the ramifications of self-representation." Appellant contends these failures by the trial court violated the Sixth and Fourteenth Amendments of the United States Constitution as

well as article 1.051 of the Texas Code of Criminal Procedure. The State responds that the trial court adequately admonished appellant regarding the dangers and disadvantages of self-representation, and that any deficiency in the admonishments was harmless because appellant was afforded stand-by counsel.

Federal and state law guarantee a criminal defendant the right to the assistance of counsel as well as the right to waive counsel and represent himself. *See* U.S. CONST. amend. VI & XIV; TEX. CONST. art. 1 § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05 (West 2005) (accused "shall have right of being heard by himself, counsel, or both"); *Faretta v. California*, 422 U.S. 806, 818–820 (1975); *Hatten v. State*, 71 S.W.3d 332, 333 (Tex. Crim. App. 2002). In *Faretta*, the U.S. Supreme Court established the independent right of self-representation, in addition to the previously recognized right to waive the assistance of counsel. *Faretta*, 422 U.S. at 819–820

A defendant can choose to proceed pro se by exercising his right of self-representation. *See* TEX. CONST. art. 1 § 10 ("[an accused] shall have the right of being heard by himself . . ."); *Faretta*, 422 U.S. at 818–820 (1975); *Moore v. State*, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999); *Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997); *Geeslin v. State*, 600 S.W.2d 309, 313 (Tex. Crim. App. 1980). When the right of self-representation was established in *Faretta*, the Supreme Court stated that "[a]lthough a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation . . . ." *Faretta*, 422 U.S. at 835; *see also Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984); *Martin v. State*, 630 S.W.2d 952, 954 (Tex. Crim. App. 1982); *Collier*, 959 S.W.2d at 626. Once the defendant asserts his right of self-representation, the trial court must advise the accused of the dangers and disadvantages of self-representation. *Ex parte Winton*, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992); *Williams v. State*, 774 S.W.2d 703, 705 (Tex. App.—Dallas 1989, pet. ref'd).

But when the trial court appoints stand-by counsel, those admonishments are not required. *Walker v. State*, 962 S.W.2d 124, 126–27 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *Robertson v. State*, 934 S.W.2d 861, 865–66 (Tex. App.—Houston [14th Dist.] 1996, no pet.); *see also Maddox v. State*, 613 S.W.2d 275, 286 (Tex. Crim. App. 1980) (op. on motion for reh'g) (admonishment required only where defendants represent themselves without assistance of counsel); *Newkirk v. State*, No. 05–12–00202–CR, 2013 WL 222278, at *2 (Tex. App.—Dallas Jan. 22, 2013, no pet.) (not designated for publication); *Sumrell v. State*, No. 05–09–00238 & 39–CR, 2010 WL 3123302, at *2 (Tex. App.—Dallas Jan. 26, 2011, pet. ref'd) (not designated for publication). Where hybrid representation is allowed or standby counsel appointed, no question of waiver of counsel is involved because counsel remains to assist the defendant, and, as a result, there is no need to admonish the defendant of the dangers and disadvantages of self-representation. *See Maddox*, 613 S.W.2d at 286; *Robertson*, 934 S.W.2d at 865; *Newkirk*, 2013 WL 222278, at *2.

The record in this case shows that appellant signed a one-page document entitled "Notice Concerning Dangers and Disadvantages of Self-Representation and Notice Concerning Financial Inability to Hire An Attorney" on April 4, 2012, over six months before the start of trial. On April 9, 2012, the court appointed trial counsel for appellant. Trial counsel sought leave to withdraw in a motion filed on September 13, 2012. On September 24, 2012, a hearing was held on the motion to withdraw. During the hearing, appellant told the court several times he wanted to represent himself. The trial court repeatedly warned appellant against self-representation:

> Let me just say that is a very dangerous thing for you to do. I don't recommend it. There are many hazards involved.
>
> * * * *
>
> As [trial counsel] indicated, you have a constitutional right to represent yourself. There are great dangers in doing that. I would never recommend to any defendant that they represent themselves. You're held to the same rules of evidence and

procedure as a trained lawyer. You obviously don't have that training. There's no way in my opinion you can adequately represent yourself on what appear to be four different cases.

\* \* \* \*

You have the right to represent yourself; but if you opt to do that, then you represent yourself. If I put a lawyer in a stand-by position to be available for advice, that means he can give you some advice; but he's not going to be the one interrogating the witnesses. He's not going to be the one doing the voir dire. He's not going to be the one objecting to evidence. He's not going to be the one trying to defend an objection. You're going to be held to the same standards as a board certified lawyer on procedure and evidentiary matters. And frankly, there is no way you could be up to speed on it.

\* \* \* \*

So I don't recommend it. I think you're dealing with fire without having a hose to fight the blaze. And so I don't suggest or recommend that you do it. You have the absolute right to do it if you want to, but I don't suggest it and don't recommend it.

Before granting trial counsel's motion to withdraw, the trial court asked appellant:

THE COURT: Okay. All right, Mr. Gordon, let me be crystal clear with you on this. You are electing to represent yourself, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: On all four cases?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. I'm going to grant your motions to withdraw on all four cases.

After granting the motion to withdraw, the trial court subsequently appointed stand-by counsel for appellant.

At a pretrial hearing held on October 25, 2012, shortly before the start of trial, appellant announced ready for trial and was again admonished regarding the enhanced punishment ranges for all four of his pending cases. The trial court reiterated that appellant would be allowed to represent himself at trial, and the court explained to appellant the limits of stand-by counsel's involvement in the case. The court reviewed appellant's duties in the voir dire process, and, in

–4–

response to appellant's inquiries, the prosecutor clarified which witnesses would likely be called in the State's case-in-chief.

When the case was called for jury trial on October 29, 2012, the trial court began by noting stand-by counsel's presence and availability to act in an advisory role for appellant. After appellant entered a not-guilty plea outside the jury's presence, the trial court admonished appellant regarding the charged offense[1] and the right to appointed counsel. Appellant agreed he wanted the previous attorney removed from the case, but advised the court he did not want to waive his right to counsel because a waiver might harm him "in the appeal process." After the court explained to appellant that he would have to waive his right to counsel if he wanted to represent himself, appellant signed a written waiver of the right to counsel and announced he was ready for trial. The trial court then admonished appellant regarding the right to a jury trial and the Fifth Amendment right not to testify. Appellant indicated he would not testify. The trial court further admonished appellant of his right to call witnesses and to confront and cross-examine the State's witnesses. The record here shows appellant's ability to communicate clearly, conduct himself appropriately and respectfully, proceed in an orderly fashion, cross-examine the State's witness, object (with the assistance of stand-by counsel) to the submission of a deadly weapon issue in the jury charge at guilt-innocence, and deliver closing arguments at both the guilt-innocence and punishment phases of the trial. Stand-by counsel was present in court throughout the trial.[2]

---

[1] The trial court explained to appellant that if he was convicted of the charge in the indictment, and if the State proved the two enhancement paragraphs, appellant's range of punishment would increase to a minimum of 25 years and up to 99 years or life in prison.

[2] After the jury retired to deliberate appellant's punishment, he affirmed that stand-by counsel had been available throughout the trial:

> THE COURT: Back on the record. The jury is outside the presence of the court.
>
> [STAND-BY COUNSEL]: Mr. Gordon, this is the conclusion of evidence and arguments in the case. I just want to ask you one last time. Knowing that the Court appointed me as essentially standby counsel or resource, not necessarily your lawyer, have you had the opportunity to ask me any questions throughout this proceeding that you needed to?
>
> THE DEFENDANT: Yes, sir, I have.

This Court has previously held that when, as in this case, a defendant has standby counsel at his disposal, a trial court is not required to admonish a defendant on the dangers and disadvantages of self-representation. *See, e.g., Newkirk*, 2013 WL 222278, at *3, *Sumrell*, 2010 WL 3123302, at *2. We therefore reject appellant's contention that the trial court failed to adequately advise appellant of the dangers and disadvantages of self-representation. The record shows appellant had stand-by counsel at his disposal throughout the trial of this case, and that appellant was repeatedly admonished by the trial court regarding the dangers and disadvantages of self-representation. Accordingly, appellant's constitutional and statutory rights were not violated. We overrule appellant's issue.

We affirm the trial court's judgment.

/s/ Lana Myers
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121520F.U05

---

[STAND-BY COUNSEL]: And are you satisfied I've answered to the best of my abilities, given you maybe not the answers that you wanted, but a correct recitation of the law?
THE DEFENDANT: Yes, sir.

[STAND-BY COUNSEL]: Nothing further.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DARRYL RAYNARD GORDON,
Appellant

No. 05-12-01520-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 30600-422.
Opinion delivered by Justice Myers.
Justices FitzGerald and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of November, 2013.

    /Lana Myers/
    LANA MYERS
    JUSTICE