ACCEPTED
06-15-00095-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/27/2015 4:29:33 PM
DEBBIE AUTREY
CLERK

No. 06-15-00095-CR

IN THE

COURT OF APPEALS

FOR THE SIXTH

JUDICIAL DISTRICT OF TEXAS

TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/27/2015 4:29:33 PM
DEBBIE AUTREY
Clerk

JAMES ARTHUR BAXLEY, Appellant

v.

THE STATE OF TEXAS, Appellee

Appealed in Cause No. 1424312

8th Judicial District Court of Hopkins County, Texas

APPELLEE'S BRIEF

By:/s/ Matthew H. Harris
Matthew H. Harris
Assistant District Attorney
State Bar No 24083142
P.O. Box 882
Sulphur Springs, Texas 75483
(903) 885-0641

Pursuant to Texas Rule of Appellate Procedure 38(a), the following is a list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

**Appellant**
James Arthur Baxley

**Appellant's appellate counsel**
Wade A. Forsman
P.O. Box 918
Sulphur Springs, TX 75483-0918
903.689.4144 telephone
903.689.7001 facsimile
**wade@forsmanlaw.com**

**Appellant's trial counsel**
Cynthia Braddy
1109 Main Street
Commerce, TX 75428
903.243.3577 telephone

**Appellee**
The State of Texas

**Appellee's trial & appellate counsel**
Matthew Howard Harris
Assistant District Attorney
8th Judicial District
P.O. Box 882 (75483-0882)
114 Main Street
Sulphur Springs, TX 75482
903.885.0641 telephone
903.885.0640 facsimile
**mharris@hopkinscountytx.org**

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL**                                    **2**

**TABLE OF CONTENTS**                                                  **3**

**INDEX OF AUTHORITIES**                                               **4**

**ISSUES PRESENTED**                                                   **5**

**STANDARD OF REVIEW**                                                 **5**

**SUMMARY OF THE ARGUMENT**                                            **5**

**I.   The trial court did not err in crediting the testimony of Mark Estes**   **6**

**II.  The pretext doctrine is no longer valid law**                   **6**

**III. Appellant failed to preserve error**                           **8**

**PRAYER FOR RELIEF**                                                  **8**

**CERTIFICATE OF SERVICE**                                             **9**

**CERTIFICATE OF WORD COUNT**                                          **9**

# INDEX OF AUTHORITIES

**Cases**

Archie v. State, 799 S.W.2d 340, 344 (Tex. App.—Houston [14th Dist.] 1990) .....7

Burgess v. State, 816 S.W.2d 424 (Tex. Crim. App. 1991) ......................................7

Stewart v. State, 611 S.W.2d 434, 436 (Tex. Crim. App. 1981) ..............................8

Turrubiate v. State, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013) ..........................5

U.S v. Lefkowitz, 285 U.S. 452, 467 (1932) ............................................................7

**Rules**

Texas Rule of Appellate Procedure 9.4(i)(3)..........................................................9

Texas Rule of Appellate Procedure 33.1 ................................................................9

Texas Rule of Appellate Procedure 38(a)…………………………………………. 2

## ISSUES PRESENTED

Appellant argues that: (1) the trial court should not have credited the testimony of Sergeant Mark Estes, and (2) law enforcement should not be allowed to evade the warrant requirement through "creativity". Despite a lack of specificity, Appellant appears to refer to *search* warrants because *arrest* warrants existed in this case. Appellant argues that the trial court should have granted Appellant's motion to suppress, and that failing to do so was an abuse of discretion.

## STANDARD OF REVIEW

Upon reviewing the trial court's denial of a motion to suppress, the standard of review is abuse of discretion with regard to the trial court's factual findings. The standard of review relating to the trial court's application of law to fact is *de novo*. Turrubiate v. State, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013).

## SUMMARY OF THE ARGUMENT

Appellant was arrested pursuant to valid warrants which were relied upon by Sergeant Mark Estes in good faith, and were even admitted to evidence in the case. The trial court did not abuse its discretion in choosing to believe the testimony of Mark Estes. It does not "strain the credulity of a reasonable person" to believe the testimony of Sergeant Estes, and there is no evidence that he used Appellant's valid arrest warrants as a pretext to "go fishing". The pretext doctrine, which is

apparently relied upon by Appellant, does not exist. Finally, even if the pretext doctrine did exist, Appellant did not preserve error.

## I.     The trial court did not err in crediting the testimony of Sergeant Mark Estes during hearing on Appellant's motion to suppress.

Appellant argues that the trial court erred in crediting the testimony of Sergeant Estes. Evidently the crux of Appellant's argument is that the trial court abused its discretion by not finding that Sergeant Estes lied when he said that he had seen Appellant's name on a warrant list, drove by his house, and arrested Appellant after confirming the warrants through dispatch. To believe the sworn testimony of a peace officer with 14 years' experience, according to Appellant, constitutes an abuse of discretion. Even if that were true, Appellant cites no authority for this proposition or even the legal basis for his argument – he simply states that the motion to suppress should have been granted because Sergeant Estes was not being honest about his reasons for being at Appellant's home.

## II.     The pretext doctrine is no longer valid law

Appellant proposes that Sergeant Estes "went fishing" because he doesn't normally serve warrants. Appellant insinuates that Sergeant Estes somehow behaved illegally or improperly and that the motion to suppress should have been granted because he used the municipal warrants as pretext to arrest and search

6

Appellant for evidence of another crime. The fallacy of this argument, however, is that the "pretext doctrine" is no longer valid law. It *formerly* existed to prohibit officers from using an arrest for one crime as pretext to search for evidence of another. Archie v. State, 799 S.W.2d 340, 344 (Tex. App.—Houston [14th Dist.] 1990), aff'd sub nom. Burgess v. State, 816 S.W.2d 424 (Tex. Crim. App. 1991) (citing U.S v. Lefkowitz, 285 U.S. 452, 467 (1932)). Under the old line of cases if pretext formed the basis for a warrantless search, then any resulting evidence seized may have been rendered inadmissible. *Id.* In practical application, courts found it nearly impossible to determine the subjective intent of officers when making stops and arrests, so the pretext doctrine was explicitly abandoned in Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). As the law currently stands, an officer's subjective intent in making an arrest is irrelevant as long as there exists an objectively valid, legal basis for the arrest. *Id.* Here, the arrest was made pursuant to arrest warrants which were admitted as evidence at trial by the trial counsel for Appellant (Vol. 5; p. 203; l. 2-23).

Appellant further complains that law enforcement should not be allowed to "evade the general requirement that warrants be used", presumably referring to *search* warrants, because the arrest was simply pretext for Sergeant Estes to search Appellant for controlled substances. The law is quite clear that a search incident to a lawful arrest requires no warrant if the search is restricted to the arrestee and

those objects immediately associated with the arrestee. <u>Stewart v. State</u>, 611 S.W.2d 434, 436 (Tex. Crim. App. 1981). Here, Sergeant Estes arrested Appellant pursuant to a valid arrest warrant, and then proceeded to search him incident to that arrest. The contraband was located on Appellant's person. There is no doubt that a search warrant was not required.

**III.     Even if the pretext doctrine existed, Appellant failed to preserve error.**

Appellant's trial counsel, Cynthia Braddy, raised a single suppression issue on the morning of trial - that there may be an important legal distinction between capias pro fines and arrest warrants (Vol. 5; p. 173, l. 8 – p. 174., l. 1) - but Ms. Braddy never once mentioned that the search of Appellant and seizure of the controlled substance should be suppressed because the warranted arrest was pretext to search for evidence of another crime. Despite the fact that it appears as though Appellant is attempting to raise that very issue now, it was never raised in the trial court. The issue was not raised in the motion to suppress, and it has not been preserved for appellate review. Tex. R. App. P. 33.1.

**PRAYER FOR RELIEF**

The State requests that this Court AFFIRM Appellant's conviction by the jury.

By:/s/ Matthew H. Harris
Matthew H. Harris
Assistant District Attorney
State Bar No 24083142
P.O. Box 882
Sulphur Springs, Texas 75483
(903) 885-0641

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to counsel for Appellant, Wade Forsman, on this the 27th day of July, 2015.

By:/s/ Matthew H. Harris
Matthew H. Harris
Assistant District Attorney

## CERTIFICATE OF WORD COUNT

Pursuant to Tex. R. App. P. 9.4(i)(3), this document contains 1,342 words.

By:/s/ Matthew H. Harris
Matthew H. Harris
Assistant District Attorney