Anthony G. JORDAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 55450.

Court of Criminal Appeals of Texas.

Oct. 11, 1978.

Faires P. Wade, Corpus Christi, for appellant.

Mike Westergren, County Atty. and Andrew J. Lehrman, Asst. County Atty., Corpus Christi, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction of causing bodily injury. Appellant waived his right to a jury trial. The court conducted a hearing, found appellant guilty and sentenced him to one (1) year's probation.

Appellant's sole ground of error is that the trial court erred in not appointing counsel to defend appellant at his trial. It is the State's contention, however, that appellant knowingly and intelligently waived this right.

It is well settled that criminal defendants in misdemeanor cases are entitled to counsel if there exists a possibility that imprisonment may be imposed. See *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Ex parte Herrin,* 537 S.W.2d 33 (Tex.Cr.App.1976); *Walker v. State,* 486 S.W.2d 330 (Tex.Cr.App.1972). However, an accused may waive his right to counsel if such waiver is made voluntarily with knowledge of the consequences thereof. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Barbour v. State,* 551 S.W.2d 371 (Tex.Cr.App.1977); *Thomas v. State,* 550 S.W.2d 64 (Tex.Cr. App.1977). To assure protection of so fundamental a right, courts indulge every reasonable presumption against waiver of counsel. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Barbour v. State,* supra; *Thomas v. State,* supra. To this extent, this court has held that the record must clearly show that the accused voluntarily, knowingly and intelligently waived his right to counsel in order to assert his right to represent himself. *Thomas v. State,* supra; *Webb v. State,* 533 S.W.2d 780 (Tex.Cr.App.1976). In *Faretta v. California,* supra, the Supreme Court held that the record should reflect that the defendant waived his right to counsel only after being made aware of the advantages and disadvantages of self-representation so that it is clear that he "knows what he is doing and his choice is made with eyes open." 425 U.S at 835, 95 S.Ct. at 2541.

The only evidence reflected in the record concerning appellant's waiver of right to counsel and decision to represent himself at trial is contained in a hearing on defendant's motion for new trial. In that hearing, several references to a waiver were made. On cross-examination of defendant, the State elicited the following testimony:

"Q  Have you ever had any problems before with the law?

"A  That's correct.

"Q  Did you have lawyers at those various times?

"A  That's correct."

The State urges an application of the rule in *Ex parte Ross,* 522 S.W.2d 214 (Tex.Cr. App.1975). In that case we held that it is proper to consider such previous experience with criminal proceedings in determining whether waiver of counsel was knowingly and intelligently made. However, in that case, the defendant had had previous experience in misdemeanor trials, during at least one of which he had waived counsel. There is nothing in the record before us to indicate that this appellant had ever before waived representation or that he had done so intelligently in this instance.

 In addition to the above testimony, the trial judge made the following statement at the same hearing:

"THE COURT: All right. I would like for the record to reflect also that the Court on the 17th of November asked the defendant whether he wanted an attorney and he said no, he didn't want an attorney. I believe the record will reflect that."

We find nothing in the record which reflects that this did in fact occur. If the event was unrecorded, the fact the appellant may have stated he didn't want an attorney would not alone constitute an affirmative waiver.

We are unable to conclude from the testimony and remarks in the hearing on the motion for new trial that appellant's waiver was intelligent or that appellant was made aware of the danger and disadvantages of self-representation. As the Supreme Court held in *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962):

". . . Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

The record not being sufficiently developed to show that appellant knowingly and intelligently waived his right to counsel after being made aware of the advantages and disadvantages of self-representation, the judgment is reversed and the cause remanded.

DALLY, Judge, concurring.

I concur in the result since the punishment assessed was imprisonment for one year. The statement in the majority opinion that, "[i]t is well settled that criminal defendants in misdemeanor cases are entitled to counsel if there exists a possibility that imprisonment may be imposed," is contrary to the rule in this jurisdiction as well as in many others. See *Empy v. State,* 571 S.W.2d 526 (No. 55,957, decided 9/20/78); *Aldrighetti v. State,* 507 S.W.2d 770 (Tex. Cr.App.1974).

In this case there existed more than a possibility of imprisonment. The punishment actually assessed, although probated, was imprisonment for one year. I concur in the result.