**Wayne Connell HOBBS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 09–89–141 CR.**

Court of Appeals of Texas, Beaumont.

Sept. 27, 1989.

William G. Martin, Jr., Beaumont, for appellant.

John R. DeWitt, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

A jury found appellant guilty of the offense of aggravated sexual assault. Ap-

pellant pleaded true to the enhancement allegation in the indictment and the jury found appellant had been previously convicted of a felony offense. The jury assessed punishment at ninety-nine years' confinement in the Texas Department of Corrections and a fine of $10,000. Appellant perfected this appeal from the judgment of the trial court.

Appellant's sole point of error reads as follows:

The trial court committed reversible error in accepting appellant's written waiver of counsel and allowing him to proceed to a trial by jury pro se because the trial court failed to properly determine that he voluntarily and intelligently waived the right to counsel.

Appellant's court-appointed counsel filed a motion to determine whether appellant was competent to stand trial, which the trial court granted. The report of the psychological evaluation concluded appellant was competent to stand trial.

On April 26, 1989, the case was called for trial. Appellant had informed the trial court that he wished to represent himself at trial. The trial judge questioned appellant as to his age and educational background. Appellant stated he was twenty-nine years old, had graduated from high school and had "some college." The trial court also asked appellant whether he had any prior legal experience. Appellant stated he had acquired some legal experience when he was represented by an attorney in a prior felony case. The trial court asked whether appellant had any knowledge of the applicable rules of evidence and procedure. Appellant replied he did. The trial court informed appellant, should he be allowed to represent himself, the court would not assist him with regard to the rules of evidence or procedure. Appellant indicated he understood this. The court informed appellant he would be going up against a trained prosecutor. Appellant indicated he understood. The judge told appellant the court would not assist him in any way. Appellant indicated he understood this. The trial court told appellant if he objected to something the prosecutor did, he would

have to state a legal ground for such objection, or the court could not help him. Again, appellant indicated he understood. Then, the trial court asked, "Knowing that, you still want to represent yourself?" The appellant answered, "Yes, sir."

The trial court then inquired whether appellant's request to represent himself was caused by any promises, threats, or inducements by anyone. Appellant answered "No, sir." Appellant stated he was making no claim of insanity or incompetency to stand trial. The trial court noted the psychological report showed appellant was competent to stand trial.

The trial court then inquired whether appellant knew what offense he was accused of. Appellant thought he was charged with both criminal trespass and aggravated sexual assault. The trial court informed appellant that the present trial was for the aggravated sexual assault charge only. Then the court fully informed appellant of the legal range of punishment for the alleged offense, including the enhanced minimum punishment should the jury find the enhancement allegations "true." Appellant indicated he understood and still wished to represent himself.

The trial court gave appellant a written form concerning waiver of his right to counsel which conformed to the requirements of *TEX. CODE CRIM.PROC. ANN. art. 1.051(g)* (Vernon Supp.1989). Appellant signed the form.

The sixth amendment to the United States Constitution guarantees a person accused of a crime the right to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). For several years after *Faretta*, the Texas Court of Criminal Appeals interpreted that opinion to require that the record affirmatively show that the accused who asserted his right to self-representation had voluntarily, knowingly and intelligently waived his right to assistance of counsel and also show that the trial court made the accused aware of the dangers and disadvantages of self-representation before allowing the accused to proceed as his own counsel. *See Johnson v. State*,

760 S.W.2d 277, 286 (Tex.Crim.App.1988) (Onion, P.J., concurring). These early Texas cases interpreting *Faretta* held that to determine whether waiver of counsel is intelligent and voluntary, the trial court "should" inquire into the defendant's age, background, education, and experience and that the record "must" reflect such inquiry. *See Geeslin v. State,* 600 S.W.2d 309 (Tex.Crim.App.1980).

In 1982, the Texas Court of Criminal Appeals reassessed its earlier interpretation of *Faretta. See Martin v. State,* 630 S.W.2d 952 (Tex.Crim.App.1982). In *Martin,* the court of criminal appeals held that where an accused asserts his right to represent himself, inquiry into the age, background, experience, and education of the accused is unnecessary where the record otherwise reflects a knowing exercise of the right to self representation. *Id.,* at 954. Therefore, after *Martin,* it was apparently sufficient for the trial court to admonish a defendant who wished to represent himself as to the dangers and disadvantages of self-representation, without inquiring into appellant's background to determine whether his waiver of the right to counsel was voluntarily and intelligently made. *See Johnson,* 760 S.W.2d at 288 (Onion, P.J., concurring). Later, the court of criminal appeals stated that when the accused has clearly asserted his right to proceed pro-se "then the record must show that he [defendant] knowingly and intelligently waived his right to counsel after being made aware of the dangers and disadvantages of self-representation." *Funderburg v. State,* 717 S.W.2d 637, 641–642 (Tex.Crim.App.1986).

*TEX.CODE CRIM.PROC. ANN. art. 1.051(g)* (Vernon Supp.1989) became effective September 1, 1987. It reads, in pertinent part, as follows:

If a defendant wishes to waive his right to counsel, the court shall advise him of the dangers and disadvantages of self-representation. If the court determines that the waiver is voluntarily and intelligently made, the court shall provide the defendant with a statement substantially in the following form, which, if signed by the defendant, shall be filed with and become part of the record of the proceedings:

I have been advised this _____ day of _____, 19—, by the (name of court) Court of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel. (signature of the defendant)

Even though *Martin* holds that something less than a waiver of counsel is constitutionally required, article 1.051(g) now requires such a waiver. *See Johnson,* 760 S.W.2d at 290 (Onion, P.J., concurring). We find that the record, in its entirety, reflects appellant voluntarily, knowingly, and intelligently waived his right to counsel. The record also reflects appellant was fully warned of the dangers and disadvantages of self-representation and still persisted in his desire to represent himself. Therefore, the trial court did not err in allowing appellant to proceed to trial as his own counsel. Appellant's point of error is overruled and the judgment of the trial court is affirmed.

AFFIRMED.