**Alfred Ward WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–94–268–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 30, 1996.

Mary Cay Barker, Victoria, for appellant.

George J. Filley, III, District Attorney, Daniel F. Gilliam, Assistant District Attorney, Victoria, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Chief Justice.

Appellant was convicted by the court of driving while intoxicated. Punishment was assessed at a fine of $500.00 plus court costs and sixty days confinement probated for a period of two years. Appellant's sole point of error is that the trial court erred by failing to properly determine that appellant knowingly and intelligently waived his Sixth Amendment right to counsel. We reverse and remand.

The facts are undisputed. Appellant was arrested on April 1, 1994, in Victoria, Texas and charged with driving while intoxicated. At the arraignment on April 8, 1994, appellant entered his plea of not guilty. On May 9, 1994 appellant's case was called for trial. At that time appellant again pled not guilty and informed the trial court that he did not intend to retain an attorney and would be representing himself at trial. Appellant was then given and asked to read a document entitled "Admonishment of Right to Counsel and Waiver." This document listed six reasons why appellant might be making a mistake by representing himself and included eight benefits of the right to counsel which appellant would be giving up. (See Appendix A) It also contained a waiver of the right to counsel which mirrors the statutory language of Article 1.051 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 1.051(g) (Vernon Supp.1995). Appellant read the waiver and then signed it.

On May 24, 1994, appellant's case proceeded to trial with appellant representing himself. Before trial, the trial court reaffirmed that the appellant had read and signed the "admonishment of right to counsel and waiver" and further summarized the dangers and disadvantages of self-representation. Without any further inquiry, the case was heard by the trial court.

Appellant contends that the trial court failed to make the proper inquiry into whether his waiver of right to counsel was made knowingly and intelligently. The Sixth Amendment to the Constitution of the United States and Article 1, § 10 of the Texas Constitution provide that a defendant in a criminal trial has the right to assistance of counsel. TEX. CONST. art. I, section 10. This right to counsel may be waived and the defendant may choose to represent himself at trial. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, as the U.S. Supreme Court stated in *Faretta*, "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those re-

linquished benefits." *Faretta,* 422 U.S. at 835. *Oliver v. State,* 872 S.W.2d 713, 715 (Tex.Crim.App.1994) ("it is essential that no criminal defendant be subject to formal adversarial proceedings without a lawyer unless there is a basis for concluding he knowingly and intelligently waived his right to counsel").

A waiver of the right to counsel will not be "lightly inferred" and the courts will indulge every reasonable presumption against the validity of such a waiver. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Jordan v. State,* 571 S.W.2d 883, 884 (Tex.Crim.App.1978). The prosecution has a heavy burden to demonstrate that a waiver of constitutional rights was made intelligently, knowingly, and voluntarily, particularly when that right was the right to counsel. *Geeslin v. State,* 600 S.W.2d 309, 313 (Tex.Crim.App.1980).

In determining whether a valid waiver of counsel has been made, *Faretta* requires that (1) the appellant must make a **knowing** and **intelligent** waiver; and (2) that the appellant must be made aware of the dangers and disadvantages of self-representation. TEX. CODE CRIM.PROC.ANN. art. 1.051 (Vernon Supp.1995); *see also Geeslin,* 600 S.W.2d at 313. In the case at hand, the trial court admonished the appellant as to the dangers and disadvantages of self-representation. The issue here, however, centers on whether the appellant's waiver was made knowingly and intelligently.

To decide whether a defendant's waiver is knowing and intelligent, the court must make an inquiry, evidenced by the record, which shows that the defendant has sufficient intelligence to demonstrate a capacity to waive his right to counsel and the ability to appreciate the practical disadvantage he will confront in representing himself. *Geeslin,* 600 S.W.2d at 313; *see also Archie v. State,* 799 S.W.2d 340, 344 (Tex.App.— Houston [14th Dist.] 1990), *affirmed,* 816 S.W.2d 424 (Tex.Crim.App.1991). Although there is no formulaic line of questioning to establish a knowing and intelligent waiver of the right to counsel, *Blankenship v. State,* 673 S.W.2d 578, 583 (Tex.Crim.App.1984), the trial court must investigate as long and as

thoroughly as the circumstances of the case demand. *von Moltke v. Gillies,* 332 U.S. 708, 723, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948); *Rodriguez v. State,* 763 S.W.2d 893, 895 (Tex. App.—San Antonio 1988, pet. ref'd).

Many courts suggest that a proper inquiry must focus on at least the accused's age, background, education and experience. *See Renfro v. State,* 586 S.W.2d 496 (Tex.Crim. App. [Panel Op.] 1979); *Geeslin,* 600 S.W.2d at 313; *Salisbury v. State,* 867 S.W.2d 894, 898 (Tex.App.—Houston [14th Dist.] 1993, no pet.); *Ford v. State,* 870 S.W.2d 155, 158 (Tex.App.—San Antonio 1993, pet. ref'd); *Flores v. State,* 789 S.W.2d 694, 696 (Tex. App.—Houston [1st Dist.] 1990, no pet.); *Hobbs v. State,* 778 S.W.2d 185, 187 (Tex. App.—Beaumont 1989, no pet.); *Williams v. State,* 774 S.W.2d 703, 705 (Tex.App.—Dallas 1989, pet. ref'd). Those cases finding a knowing and intelligent waiver without a specific inquiry into background and experience contained additional facts or evidence that support the conclusion that the trial court found the defendant of sufficient intelligence and acumen. *See Burgess v. State,* 816 S.W.2d 424, 427 (Tex.Crim.App.1991) (defendant stated that he finished 120 hours of college credit); *Hobbs,* 778 S.W.2d at 187 (psychological evaluation to determine that defendant was competent to stand trial); *Fultz v. State,* 632 S.W.2d 787, 790 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd) (some 100 pages of transcript reflecting that the defendant knew what he was doing).

Whatever the proper inquiry may be, it is clear that the trial judge must actively examine the defendant and the circumstances under which the waiver is made. Anything short of such an active pursuit into the intelligent and knowing aspects of the waiver will not meet the burden placed upon the court in such a situation. "In honoring requests [for self-representation], the courts are duty-bound to examine defendants assiduously as to their knowledge and intent, ever cautious to ensure that the election is not merely the hollow incantation of a legal formula, but a purposeful, informed decision to proceed pro se." *United States v. Tompkins,* 623 F.2d 824, 825 (2d Cir.1980). "[A] judge

must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility ... A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." *von Moltke v. Gillies*, 332 U.S. at 723–24, 68 S.Ct. at 323. This principle is best summed up by the Texas Court of Criminal Appeals in an opinion adopting the *von Moltke* language:

> "*Faretta* does not authorize trial judges across this state to sit idly by doling out enough legal rope for defendants to participate in impending courtroom suicide; rather, judges must take an active role in assessing the defendant's waiver of counsel."

*Blankenship*, 673 S.W.2d at 583. This must require the trial judge to do more than simply hand out a standardized "form waiver" to be read and signed by the defendant. Compliance with instructions to read and sign a waiver tells the court nothing about whether the defendant has the capacity to understand the consequences of such a waiver. *See von Moltke*, 332 U.S. at 724, 68 S.Ct. at 323, ("the asking of several standard questions followed by the signing of a standard written waiver of counsel may leave a judge entirely unaware of the facts essential to an informed decision that an accused has executed a valid waiver of his right to counsel").

█ The record in this case does not show that the trial court took any actions to assess the ability of the appellant to make a knowing and intelligent waiver. While the trial court admonished appellant regarding the dangers of self-representation, the trial court made no inquiry into appellant's background, age, education, experience or any other characteristic or accomplishment which would indicate that the appellant here had the capacity to fully appreciate the consequences of his actions. Additionally, there is nothing in the record which would support

that conclusion outside such a specific inquiry.

The State points to the conversation had between the trial judge and the appellant prior to the beginning of trial as evidence of a knowing and intelligent waiver. That conversation was as follows:

COURT: Mr. Williams, when you were here on the ninth I gave you this admonishment of the right to counsel and waiver. Did you read all of this?

MR. WILLIAMS: Yes.

COURT: And after reading it did you sign it?

WILLIAMS: Yes.

COURT: And do you understand the dangers of representing yourself in this matter?

WILLIAMS: Yes.

COURT: I just want to make sure that you do understand because once this trial begins I will not be able to assist you. You'll be required to follow the same rules of procedure and the same rules of evidence that the State is required to follow. You'll be held to the same standards as far as presentation of evidence and argument and everything else. And being that you have no legal training this is going to put you at a severe disadvantage and I want to make sure that you understand that.

WILLIAMS: Yes.

COURT: Okay. Then we'll go ahead and begin ...

This conversation had nothing to do with whether the appellant maintained the ability to make a knowing and intelligent waiver. All the appellant has stated in his answers to the trial judge's questions is that he understands the dangers of self-representation. It would be impossible from this exchange alone to determine whether the appellant had the intelligence or the capacity to fully understand the consequences of the waiver. Understanding the disadvantages of self-representation and being able to appreciate the consequences of waiving counsel are completely different.

█ The State further argues that the signed waiver of right to counsel in compliance with article 1.051(g) is evidence of a

knowing and intelligent waiver. Although it has been held that the exact language of 1.051 is not necessary for a valid waiver, *Burgess,* 816 S.W.2d at 431, we find that the inclusion of such language in a signed waiver is not tantamount to a valid waiver of counsel. *See id.* at 430. Merely signing a document which comports with the statutory language does not alone indicate sufficient intelligence or experience to appreciate the consequences thereof. Something more than a signature certainly must be required to establish a knowing and intelligent waiver. Additionally, as was alluded to above, handing out a "form waiver" to be rubber-stamped by the appellant is not consistent with the active role required of the trial judge in the assessment of a knowing and intelligent waiver.

There is nothing else in the record which would establish a knowing and intelligent waiver. Rather, an examination of the record would suggest the opposite. Near the end of the punishment phase of trial, the appellant mentioned that he "has a conservator and they pay all of my bills and I haven't even received allowance from them this month." The existence of a conservator does not automatically indicate incompetence. However, the existence of a conservator is certainly relevant to the question of intelligence and competency and should have been examined through the proper inquiry prior to the waiver of counsel by appellant.

Therefore, for the above stated reasons, we find that the trial court erred in failing to properly determine that appellant knowingly and intelligently waived his constitutional right to counsel. Accordingly, we reverse and remand for a trial not inconsistent with this opinion.

### Appendix A

The "admonishment of Right to Counsel and Waiver" form signed by appellant provided the following:

"You may be making a mistake, and the following will explain why:

  a. You will receive no special favors or assistance from the bench.

  b. You will be expected to comply with all relevant rules of procedural, evidentiary and substantive law.

  c. Your right to self-representation is not a license to abuse the dignity of the courtroom.

  d. The Court may, and will, terminate your self-representation should you deliberately engage in obstructionist or other serious misconduct.

  e. If the Court wishes, standby counsel will be appointed in order to represent you in the event termination of your self-representation becomes necessary, or to aid you if and when help is requested; you have no standing to object to such appointment.

  f. By virtue of your self-representation, you will, as a purely factual matter, relinquish many of the traditional benefits associated with the right to counsel, viz:

    1. In all but an extraordinarily small number of cases, an accused who undertakes self-representation, will lose whatever defense he may have.

    2. You may forgo any error possibly extant in the indictment of other instrument charging you with the offense.

    3. Your lack of evidentiary knowledge and experience will necessarily lead to waiver of errors in the admission and exclusion [of] evidence.

    4. You may thus be convicted upon incompetent, irrelevant or otherwise inadmissible evidence.

    5. You face the danger of conviction, though you be not guilty, because you do not know how to establish your innocence.

    6. You specifically forgo the right to the effective assistance of counsel, and may not be heard later to complain on this ground.

    7. In the sense that assistance of counsel is essential to a fair trial and due process of law, you likewise relinquish those guarantees.

    8. Other benefits that come to mind; such as selection of an impartial jury, a fair final argument by the State, errorless instructions to the jury including any defensive issues.

I have been advise this ＿＿ day of ＿＿, 19＿, by the Court of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the Court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel."