NUMBERS
13-01-226-CR & 13-01-229-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 

JOHN IRA KERCHEVILLE, III,                                                Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

 

                       On appeal from the
County Court at Law 

                               of San Patricio County, Texas.

 

 

                                   O P I N I O N

 

                    Before Justices Dorsey,
Yañez, and Rodriguez

                                   Opinion by
Justice Yañez

 

 








Appellant, John Ira
Kercheville, was convicted by the trial court on two counts of assault.  Punishment was assessed at a fine of $100 for
each offense and 365 days confinement probated for a period of two years.  Appellant=s sole point of error is that the trial court erred
by failing to properly determine that appellant knowingly and intelligently
waived his right to counsel.  We reverse
and remand.

Background

The facts are
undisputed.  Appellant was arrested on
August 20, 2000, for assaulting Peter and Virginia Lazidis.  At the morning arraignment on October 13,
2000, the judge informed everyone present in the courtroom to be charged:  (1) that they were charged with misdemeanors;
(2) the range of punishment for misdemeanors; 
(3) that they would have to decide whether they wanted to represented by
counsel;  (4) that they had a right to
have court-appointed counsel if indigent; 
(5) that each defendant had a right to plead not guilty;  (6) that each defendant had a right to a
trial by judge or jury;  and (7) that
each defendant had the right to present evidence, call witnesses, testify or
remain silent, and cross-examine witnesses. 
The trial court explained the right to counsel as follows:








Now, I want you to
understand something under the law.  I
know that you folks sitting out there are not attorneys.  You=re not trained.  You=re
not licensed attorneys in the general practice of law in a court.  You have (sic) to be a licensed
attorney.  But as a defendant in a
criminal case, the law says you have an absolute right to represent yourself if
you so desire.  Now, whereas that is your
right, let me explain to you that we=re going to be having a
trial of your case as I=ve just described.  That in the process, this
Court will follow all the rules, regulations, and procedures, guidelines that
are set down for the trial of criminal cases.  That means simply we=re going to be following
the Code of Criminal Procedure.  We=re going to be following
the Rules of Evidence that have been established by statute and, of course, we=re going to follow all
the guidelines that have been set down by the interpretation of the
constitution of the United States in its very inception.  Also, understand the State will be
represented in this court by a qualified and trained attorney.  That means if there are motions that need to
be filed, you=ll have to file them and
you=ll have to know what
motions have to be filed.  You=ll have to know how to
request hearings on motions.  In the
trial of the case, you=ll have to be basically
examining witnesses yourself and you=ll have to know how to
examine witnesses.  You=ll have to know how to
question witness (sic).  You=ll have to know how to
make proper objections at the proper time. 
You see, as a defendant in a criminal case, you have a lot of very
important rights, but also understand the concept of the law is that in the
trial of the case, the defendant has got to take proper steps and do things
correctly to protect those rights.  And
if you don=t do that, what you
(sic) law basically says is that you waive or give up those rights.  And I tell you point blankly once the rights
are lost in the trial of the case, very, very rarely can they ever be regained.  Once you lose them, you lose them.  So what I=m basically telling you is if you want a trial of
your case, which it can be before a jury or before the judge, you really need
to take steps to get an attorney to represent you so that we can see that you
get a fair trial in the particular matter.

 

After these instructions
to the assembly, the appellant was called individually.  He entered a plea of not guilty to both of
the assault charges, then the following conversation occurred:

COURT: Do you have an
attorney to represent you?

KERCHEVILLE: No.  I=ll be my own attorney,
Judge.

COURT: You=re going to be your own
attorney?

KERCHEVILLE: That=s correct.

COURT: Well, you have a
right to do that.  I discourage it if you=re going to be doing a
trial of the case because you=re going to have to
follow all the rules and procedures.  Do  you understand
that?

KERCHEVILLE: I=ll take care of it.  I=m
not guilty.

The trial court set a
pre-trial hearing date and informed appellant about the purpose of a pre-trial
hearing.  The trial court then spoke to
the county attorney:

COURT: Mr. Aken.

MR. AKEN: Yes, your
honor.

COURT: This is Mr.
Kercheville.  He=s got two matters
pending.  Mr. Kercheville=s indicating that he=s elected to represent himself.  I=ve kind of warned him on
the problem with that but he=s insistent on doing
that, but that=s his right.  Also, advised him what we generally B what we call an open
file policy, which means he=s entitled to see the
report about him when he makes an application.








MR. AKEN: Absolutely,
your honor.

COURT: You just see the
county attorney=s office and they=ll take care of it and
see that you get the discovery that you=re entitled to.

 

MR. AKEN: Did you ask
him some questions to make sure he=s capable?

COURT: Not really.  He=s just pretty insistent
about it.  It=s
his right.  I have warned him and
the others here this morning the danger in representing themselves
and we=re going to set for
pre-trial and look B we=ll look at it at
pre-trial. Okay.

 

KERCHEVILLE:  Judge, thank you very much.

Although the cases were
set for pre-trial hearing, no such pre-trial hearings were held.  Appellant filed no pretrial motions, and it
appears that no further proceedings occurred until trial.

At the bench trial on
March 13, 2001, appellant again represented himself.  At the beginning, the trial court mentioned
appellant=s waiver of jury trial
and had appellant sign the appropriate jury waiver.  Then the trial court briefly mentioned that
appellant was representing himself, but the trial court did not ask appellant
any further questions to determine his capability.

Analysis








Appellant contends that
the trial court failed to make proper inquiry into whether his waiver of right
to counsel was made knowingly and intelligently.  AThe Sixth Amendment to
the Constitution of the United States and Article 1, ' 10 of the Texas
Constitution provide that a defendant in a criminal trial has the right to
assistance of counsel.@  Williams v. State, 925 S.W.2d 272, 273
(Tex. App.BCorpus Christi 1996, no
pet.).  This right to counsel can be
waived and the defendant may choose to represent himself.  See id. (citing
Faretta v. California, 422 U.S. 806, 835 (1975)).

AA waiver of the right to
counsel will not be >lightly inferred= and the courts will
indulge every reasonable presumption against the validity of such a waiver.@  Williams, 925 S.W.2d at 274 (citing Johnson
v. Zerbst, 304 U.S. 458 (1938), and Jordan v. State, 571 S.W.2d 883,
884 (Tex. Crim. App. 1978)).  In order
for a waiver of counsel to be valid, the appellant must make a knowing and
intelligent waiver, and the appellant must be made aware of the dangers and
disadvantages of self-representation.  Tex. Code Crim. Proc. Ann. art. 1.051
(Vernon Supp. 2002); See Williams, 925 S.W.2d at 274.  In the present case, the trial court
admonished the assembled group present for arraignment, including appellant, as
to the dangers and disadvantages of self-representation.  Thus, the issue here is whether the appellant=s waiver was made
knowingly and intelligently.

ATo decide whether a
defendant=s waiver is knowing and
intelligent, the court must make an inquiry, evidenced by the record, which
shows that the defendant has sufficient intelligence to demonstrate a capacity
to waive his right to counsel . . . .@  Williams, 925 S.W.2d at 274 (citing Geeslin v.
State, 600 S.W.2d 309, 313 (Tex. Crim. App. 1980)).  There is no formulaic line of questioning to
establish a knowing and intelligent waiver of the right to counsel, but the
trial court must investigate as long and as thoroughly as the circumstances of
the case demand.  See id.








Several courts propose
that a proper inquiry includes, at the least, questions regarding  the accused=s age, background,
education and experience.  See Williams, 925 S.W.2d at 274 (citations omitted).  The cases finding a knowing and intelligent
waiver without a specific inquiry into background and experience
contained additional facts or evidence that support the conclusion that the
trial court found the defendant of sufficient intelligence and acumen.  See id.  (citations
omitted).   AAnything short of . . .
an active pursuit into the intelligent and knowing aspects of the waiver will
not meet the burden placed upon the court in such a situation.@  Id.

[A] judge must
investigate as long and as thoroughly as the circumstances of the case before
him demand.  The fact that an accused may
tell him that he is informed of his right to counsel and desires to waive this
right does not automatically end the judge=s responsibility . . .
.  A judge can make certain that an
accused=s professed waiver of
counsel is understandingly and wisely made only from a penetrating and
comprehensive examination of all the circumstances under which such a plea is
tendered.

 

Id. at 275 (quoting von
Moltke v. Gillies, 332 U.S. 708, 723-24 (1948)).








In this case, the trial
court made no inquiry into appellant=s background, age,
education, experience or any other characteristic or accomplishment which would
indicate that the appellant had the capacity to fully appreciate the
consequences of his actions.  See
id.  Also, there is nothing in the
record which would support that conclusion outside such a specific
inquiry.  See id.  In fact, the county attorney brought up the
matter of inquiring into appellant=s capability and the
trial court acknowledged that the matter had not been addressed yet.  The trial court apparently recognized the
need for such an inquiry and scheduled a pre-trial hearing to Alook at it.@  However, there is no record that a pre-trial
hearing ever took place.  So, it appears
that appellant=s insistence convinced
the trial court of his capability to represent himself.  This important decision cannot be so easily
implied.         Therefore, we hold that the trial court erred in failing to
properly determine that appellant knowingly and intelligently waived his
constitutional rights to counsel.  The
record does not show that the trial court made any effort to assess the ability
of the appellant to make a knowing and intelligent waiver.  Accordingly, we reverse and remand for a
trial consistent with this opinion.

 

                                                               
                                                      

LINDA REYNA YAÑEZ

Justice

 

 

 

Do not publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

1st day of August,
2002.