NUMBER 13-01-744-CR

COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRIST-EDINBURG 

 



HAROLD VEN-NOY DAVIS, Appellant,



v.




THE STATE OF TEXAS , Appellee.

 



On appeal from the 24th District Court 

of Calhoun County, Texas.


 
 MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Rogelio Valdez

 Appellant, Harold Ven-Noy Davis, was convicted by a jury of two counts of aggravated sexual assault and one count of
indecency with a child. The jury assessed life imprisonment for each count of aggravated sexual assault and twenty years
for the charge of indecency with a child. A $10,000.00 fine was assessed for each offense. Through two issues on appeal
appellant argues the trial court erred in "forcing [appellant] to represent himself at trial" and that he was not properly
admonished regarding the dangers of self-representation prior to his waiver of counsel. We affirm. 

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See Tex. R.
App. P. 47.4.

Procedural History

 Appellant was charged with two counts of aggravated sexual assault and one count of indecency with a child. William
White was appointed to serve as appellant's counsel. On February 22, 2001, appellant filed a motion requesting the
dismissal of White as his attorney. White filed a response regarding accusations made by appellant. On March 6, 2001, a
hearing was held concerning appellant's motion. He complained that he met with counsel only once and that they had
corresponded via letters. The Court determined that since appellant complained about limited contact with counsel, that he
and White should meet immediately and if appellant was still not satisfied appellant could revisit the issue of dismissal of
counsel at a later date. 

 On April 9, 2001, appellant filed additional motions entitled, "Motion for Urgent Appointment of Attorney and Speedy
Trial" and "Motion for Court Appointed Attorney." On April 26, 2001, a second hearing was held and appellant again
complained concerning White. At that time, the trial court informed appellant that if he did not want White to represent
him, he had the right to hire his own attorney.

 Thereafter, the case was set for trial on July 16, 2001. On the morning of trial appellant once again demanded new
counsel, stating he would represent himself, "if forced upon me." After appellant once again refused to have White
represent him despite the trial court's warnings, appellant was allowed to represent himself, with White ordered to remain
as standby counsel. Thereupon, White gave appellant the entire file he had received from the District Attorney's Office and
remained in the courtroom throughout the trial as "standby counsel." The trial was held, and appellant was found guilty of
each charge in the indictment. 

Analysis

 Appellant contends through two points of error, that the trial court erred in "forcing [a]ppellant] to represent himself at
trial" because his waiver was not voluntary and that he was not properly admonished as to the dangers of
self-representation.

 The Sixth Amendment to the Constitution of the United States and article 1, section 10 of the Texas Constitution provide
that a defendant in a criminal trial has the right to assistance of counsel. This right, however, may be waived and the
defendant may choose to represent himself at trial. Faretta v. California, 422 U.S. 806, 835 (1975); Williams v. State, 925
S.W.2d 272, 273 (Tex. App.-Corpus Christi 1996, no pet.). 

 The waiver of the right to counsel will not be "lightly inferred and the courts will indulge every reasonable presumption
against the validity of such waiver." Williams, 925 S.W.2d at 274. 

 In order for a waiver of counsel to be valid, the appellant must make a knowing and intelligent waiver, and the appellant
must be made aware of the dangers and disadvantages of self-representation. Tex. Code Crim. Proc. Ann. art. 1.051
(Vernon Supp. 2003). 

 In the present case the trial court inquired as to appellant's age and education level. Appellant stated he was forty-five years
old and had a G.E.D. Appellant further stated that he had worked as a "a pipe fabricator and a little bit of welding and
supervisor." After determining that appellant would not accept White as counsel, the trial court proceeded to warn the
appellant of the dangers of self-representation stating "you are making a terrible mistake not accepting the assistance of
counsel." The court explained that lawyers "have to go to law school" and be knowledgeable about "[r]ules of evidence,
[r]ules of [p]rocedure." The trial court then said, "And I'll tell you, if you represent yourself it will be a disaster and you'll
have to pay the consequences of it." 

 In light of the inquiry conducted by the trial court and the responses given, we hold that the appellant made a knowing and
intelligent waiver (1). We further hold that the trial court made appellant aware of the dangers and disadvantages of
self-representation. Id.

 Appellant's two issues on appeal are overruled.

Conclusion

 The judgment of the trial court is affirmed. 

 

Rogelio Valdez

Chief Justice



Do Not Publish 

Tex. R. App. P. 47.2(b)

Opinion delivered and filed

this 24th day of April, 2003.









 

1. This Court further recognizes that appellant made an affirmative waiver of counsel as exhibited by his motion entitled,
"Motion To Dismiss Attorney Bill White And To Represent Myself At This Time." See Burgess v. State, 816 S.W.2d 424,
428-29(Tex. Crim. App. 1991).