NUMBER 13-03-350-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSE LUIS DE LA GARZA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 197th District Court of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Castillo, and Garza


Memorandum Opinion by Justice Garza


 

The State charged appellant, Jose Luis De La Garza, with felony assault family
violence (1) and he was convicted on May 28, 2003. The indictment contained an
enhancement count for two prior misdemeanor assault family violence convictions. (2) Prior
to entering his guilty plea, appellant filed a Motion to Set Aside Indictment for Want of
Jurisdiction, claiming that the district court did not have jurisdiction because his two prior
misdemeanor family violence convictions were un-counseled. After a hearing, the trial
court denied appellant's motion. Appellant subsequently pled guilty and was informed by
the trial court that he would have the right to appeal. The trial court sentenced appellant
to five years in the Texas Department of Criminal Justice-Institutional Division, with such
incarceration being suspended, and placed appellant on community supervision for a
period of eight years. 

Appellant collaterally attacks his two prior misdemeanor convictions, (3) asserting that
(1) the absence of counsel on his prior misdemeanor convictions for family violence
violated his Sixth Amendment right to counsel and therefore could not be used for
enhancement purposes; (2) his waiver of his right to counsel was invalid because the trial
court failed to admonish him about the dangers and disadvantages of self-representation;
(3) the trial court failed to inquire about his age, education, and experience to determine
whether there was a voluntary, knowing, and intelligent waiver; and (4) his guilty plea was
involuntary. We affirm the judgment of the trial court. 

 I. Alabama v. Shelton

Appellant argues that his prior un-counseled convictions are unconstitutional and
cannot be used to enhance the offense in the present case from a misdemeanor to a
felony. Specifically, he argues that the United States Supreme Court's ruling in Alabama
v. Shelton, 533 U.S. 654, 659 (2002), holding that there is a Sixth Amendment right to
counsel in misdemeanor cases where a suspended sentence is imposed, renders his
earlier convictions invalid because he was not represented by counsel and his waiver of
his right to counsel was invalid. 

In Shelton, the Court considered whether a defendant sentenced to a suspended
sentence of imprisonment has a Sixth Amendment right to counsel. Id. Shelton was
convicted of third-degree assault in an Alabama state court and was sentenced to a
suspended 30-day prison sentence, two years' unsupervised probation, and monetary
penalties. Id. The Court held that a suspended sentence is a "term of imprisonment"
requiring counsel even though incarceration is not immediate or inevitable Id. The Court
explained that "a suspended sentence is conceptually different from a sentence of
probation." See Id. at 662; see also United States v. Perez-Macias, 335 F.3d 421, 426
(5th Cir. 2003) (quoting Shelton, 535 U.S. at 662). "Suspended sentences are usually
imposed in conjunction with probation so that if a defendant commits another crime or
violates a condition of probation, his suspended sentence is activated." Perez-Macias, 335
F.3d at 426. The Court noted that "[i]f a defendant receives only a sentence of probation,
he is sentenced to community release with conditions; he does not receive a sentence of
imprisonment." Id. The Court held that "a suspended sentence that may end up in the
actual deprivation of a person's liberty may not be imposed unless the defendant was
accorded the guiding hand of counsel in the prosecution for the crime charged." Shelton,
535 U.S. at 658 (internal quotations omitted). 

In the present case, there is no dispute that appellant was entitled to counsel at his
trial for the misdemeanors. See Trevino v. State, 555 S.W.2d 750, 751 (Tex. Crim. App.
1977) (stating criminal defendants in misdemeanor cases are entitled to counsel if there
exists a possibility that imprisonment may be imposed). Appellant received a suspended
sentence coupled with probation. The Supreme Court and the Fifth Circuit have both
agreed that a suspended sentence is a "term of imprisonment" requiring counsel. See
Shelton, 535 U.S. at 659; Perez-Macias, 335 F.3d at 426-27; Scott v. Illinois, 440 U.S. 367,
370-74 (1979) (holding that the right to counsel in misdemeanor cases only applies where
the defendant is actually sentenced to imprisonment and not merely where imprisonment
is an authorized punishment); Argersinger v. Hamlin, 407 U.S. 25, 37 (1972) (holding that
"absent a knowing and intelligent waiver, no person may be imprisoned for any offense,
whether classified as petty, misdemeanor, or felony, unless he was represented by counsel
at his trial."). Nevertheless, appellant's application of Shelton is misplaced. In Shelton, the
defendant was warned about the dangers of self-representation, but was not offered
assistance of counsel at the state's expense. Shelton, 535 U.S. at 658. In the present
case, the record shows that appellant was informed of his right to have a lawyer represent
him and was advised that if he could not afford a lawyer, one would be appointed. 
However, appellant chose to waive his right to be represented by counsel. Thus, the issue
is whether appellant's wavier of his right to counsel was valid. Accordingly, appellant's first
issue is overruled. 

II. Waiver

The right to counsel may be waived if such waiver is made voluntarily and with
knowledge of the consequences thereof. Jordan v. State, 571 S.W.2d 883, 884 (Tex.
Crim. App. 1978) (citing Faretta v. California, 422 U.S. 806, 835 (1975)); Garcia v. State,
909 S.W.2d 563, 565 (Tex. App.-Corpus Christi 1995, pet. ref'd). Because the right to
counsel is a fundamental right, courts indulge every reasonable presumption against
waiver of counsel. Jordan, 571 S.W.2d at 884. The record must clearly show that the
accused voluntarily, knowingly, and intelligently waived his right to counsel in order to
assert his right to represent himself. Id. In determining whether a valid waiver of counsel
has been made, Farretta requires that the defendant (1) make a knowing and intelligent
waiver, and (2) be made aware of the dangers and disadvantages of self-representation. 
Williams v. State, 925 S.W.2d 272, 274 (Tex. App.-Corpus Christi 1996, no pet.) (citing
Geeslin v. State, 600 S.W.2d 309, 313 (Tex. Crim. App. 1980)). 

In his second and third issues, appellant contends that, although the judgments from
his prior convictions recite that he waived his right to counsel, his waiver was invalid
because the trial court failed to admonish him about the dangers and disadvantages of
self-representation and, in particular, failed to inquire about his age, education, and
experience to determine whether there was a voluntary, knowing, and intelligent waiver. 
 At the outset we note that a trial court is not required to admonish a misdemeanor
defendant of the dangers and disadvantages of self-representation when he appears
without an attorney to plead guilty. Johnson v. State, 614 S.W.2d 116,119-20 (Tex. Crim.
App. 1981) (en banc) (op. on reh'g) (holding that if an accused appears in court on a
misdemeanor charge without counsel and does not contest his guilt, the trial court is not
required to admonish the accused of the dangers and disadvantages of self-representation); Hatten v. State, 71 S.W.3d 332, 334 (Tex. Crim. App. 2002); Garcia, 909
S.W.2d at 565. Here, because appellant did not contest his guilt, he pleaded guilty, the
trial court was not required to admonish him as to the dangers and disadvantages of self-representation. Nonetheless, we have reviewed the transcript of the proceedings related
to the misdemeanor convictions and find that the court did admonish appellant about his
rights, including his right to counsel and his right to have counsel appointed if he could not
afford one. (4) The record also establishes that appellant was admonished about the dangers
and disadvantages of self-representation during the proceeding leading to his convictions
for the misdemeanors. Accordingly, appellant's second issue is overruled. 

Our focus turns to whether appellant voluntarily, knowingly, and intelligently waived
his right to counsel at the proceeding for his two prior misdemeanors. See Johnson, 614
S.W.2d at 119-20; Garcia, 909 S.W.2d at 566. By his third issue, appellant contends that
he did not do so. When a defendant collaterally attacks enhancing misdemeanor
convictions, as appellant is doing here, the defendant has the burden to prove that, with
respect to the enhancing misdemeanor conviction, he did not voluntarily, knowingly, and
intelligently waive his right to counsel. See Garcia, 909 S.W.2d at 566 (citing cases). We
note that a defendant bears this burden only when collaterally attacking enhancement
misdemeanor convictions, whereas, on direct appeal, the State bears the burden of
establishing that the record affirmatively shows a valid waiver of counsel. Id. 

Appellant argues that the trial court failed to make a proper inquiry into whether he
knowingly and voluntarily waived his right to counsel. According to appellant, the trial court
had a "solemn duty" to inquire, at a minimum, into his age, education, and experience to
determine whether there was a competent and intelligent waiver. See McQueen v.
Blackburn, 755 F.2d 1174, 1177 (5th Cir. 1985). Appellant asserts that the trial court's
colloquy with him did not satisfy this burden and that the only inquiry made with respect to
his understanding of the consequences of his plea was done by the court interpreter. The
State asserts that the record shows that appellant made a voluntary, knowing, and
intelligent waiver of his right to counsel prior to the two misdemeanor convictions.

The McQueen court interpreted the requirements set forth in Faretta and related
cases as requiring courts to consider the defendant's age and education. McQueen, 755
F.2d at 1177. However, we note that the Supreme Court's holding in Faretta does not
mandate an inquiry concerning appellant's age, education, or background in every instance
where the accused expresses a desire to represent himself because the record may
otherwise be sufficient for the court to assess the defendant's knowing exercise of the right
to defend himself. (5) See Martin v. State, 630 S.W.2d 952, 954 (Tex. Crim. App. 1982) (en
banc) (quoting Faretta, 422 U.S. at 836). While there is no required set of questions to
establish a knowing and intelligent waiver, Blankenship v. State, 673 S.W.2d 578, 583
(Tex. Crim. App. 1984)(en banc), it is sufficient if the record shows that the defendant
"knows what he is doing and his choice is made with eyes open." Faretta, 422 U.S. at 835. 
 In the present case, the record reflects that appellant signed two separate
documents acknowledging that he had been advised of his right to counsel and that he
knowingly and voluntarily waived that right. As evidence in support of his motion to set
aside the indictment, appellant presented the transcript of his misdemeanor convictions,
both Misdemeanor Pleas of Guilty/Nolo Contendere and the testimony of the court
interpreter. However, this evidence demonstrates that he was advised of his rights, that
the documents were translated for him, and that he knowingly and voluntarily waived his
right to counsel. Moreover, the transcript of the misdemeanor convictions reveals that the
trial court admonished appellant as to his right to counsel, his right to have counsel
appointed if he could not afford one, the charges brought against him, the range of
punishment, and the possibility of deportation. The record shows that the court inquired
into whether appellant understood the rights he was waiving, whether he had previously
been convicted or arrested, and whether he had been on probation before. The court also
solicited information from appellant revealing that he has four children, he works as a
carpenter with his father, and he is responsible for paying the rent for his family's home. 
The record further reflects that the trial court asked appellant whether he was a U.S.
citizen, and after appellant answered that he was not, the judge informed appellant that
anything that happened at the proceeding could be used against him for deportation
purposes. The judge then provided appellant an opportunity to change his plea by asking
whether he still wanted to plead guilty. We find that the record contains sufficient facts to
support the trial court's conclusion that appellant knowingly and intelligently waived his
rights. See Williams, 925 S.W.2d at 274. 

Appellant has failed to produce any evidence or testimony showing that his waiver
was not voluntary, knowing, or intelligent. See Garcia, 909 S.W.2d at 566; Disheroon v.
State, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985) (en banc) (stating that "appellant's
testimony alone fails to meet the burden of showing indigency, lack of counsel and lack of
waiver" and imposing on appellant the burden to prove that he was indigent, that he had
no counsel, and that his waiver was involuntary). If the defendant in a misdemeanor case
where guilt is not contested signs a written waiver of counsel in court and there is no
contradicting evidence or any evidence that the defendant was coerced or intimidated, the
record is sufficient to show a finding that the defendant's waiver was valid. Hatten v. State,
89 S.W.3d 160, 163 (Tex. App.-Texarkana 2002, no pet.) (op. on remand). Here, there
is no evidence in the record to show that appellant did not waive his right to counsel
knowingly and voluntarily, nor is there any evidence that appellant was coerced or
intimidated in any way into signing the written waivers. See id.; Barras v. State, 902
S.W.2d 178, 181 (Tex. App.-El Paso 1995, pet. ref'd) (holding that if a defendant in a
misdemeanor case where guilt is not contested signs a written waiver of counsel in court
and there is no contradicting evidence that he was coerced or intimidated, the record is
sufficient to support a finding that the defendant's waiver of counsel was valid); Blocker v.
State, 889 S.W.2d 506, 509 (Tex. App.-Houston [14th Dist.] 1994, no pet.) (evidence
sufficient to support a finding of free, voluntary, intelligent waiver where guilt was not
contested and defendant signed waiver statement and no contradictory evidence found in
record). 

It is clear from the record that this is not appellant's first experience with the justice
system and, thus, he is not a stranger to court rules and his related rights. He has been
convicted for possession of marihuana, has had arrests for public intoxication, and has
been on probation. We also note that the trial court had ample opportunity to observe
appellant's demeanor while ascertaining whether appellant voluntarily, knowingly, and
intelligently waived counsel. Garcia, 909 S.W.2d at 567. We are not afforded the same
opportunity on appellate review. Id. Therefore, we give great deference to the trial court's
decision regarding this matter. Id. Accordingly, we overrule appellant's third issue. 

III. Guilty Plea

In his fourth and final issue, appellant argues that his guilty plea was not entered
voluntarily because (1) he did not speak English, (2) only the interpreter explained the
consequences of his plea to him, (3) he sought legal advice from the court for the purpose
of determining whether to plead guilty or not, and (4) the court failed to inform him that his
guilty plea would lead to his deportation. 

In determining the voluntariness of a plea, we consider the totality of the
circumstances viewed in light of the entire record. Ybarra v. State, 960 S.W.2d 742, 745
(Tex. App.-Dallas 1997, no pet.). Once a defendant has pled guilty and attested to the
voluntariness of his plea, he bears a heavy burden at a subsequent hearing to demonstrate
a lack of voluntariness. Garcia v. State, 877 S.W.2d 809, 812 (Tex. App.-Corpus Christi
1994, pet. ref'd). Generally, a guilty plea is considered voluntary if the defendant was
made fully aware of the direct consequences. State v. Jimenez, 987 S.W.2d 886, 888-89
(Tex. Crim. App. 1999) (en banc) (citing Brady v. United States, 397 U.S. 742, 755 (1970)). 
A consequence is defined as direct when it is definite, immediate, and largely automatic. 
Id. A guilty plea will not be rendered involuntary by lack of knowledge as to some collateral
consequence. Id. 

Appellant's first sub-issue, that he does not speak English, is without merit because
it is clear from the record that the proceeding was conducted through an official court
interpreter. See Tex. Code Crim. Proc. Ann. art. 38.30 (Vernon Supp. 2004-05). 
Moreover, the interpreter testified that she translated the documents containing the waiver
of counsel and plea of guilty to appellant and that she made sure he understood the
documents before he signed them. We overrule appellant's first sub-issue. 

In his second sub-issue, appellant complains that his plea was involuntary because
the interpreter, and not the court, explained the law to him. Appellant states that the
interpreter did more than interpret by providing Spanish-speaking defendants with legal
explanations to legal terminology used in the plea documents. (6) He argues that the
"ultimate factor which indicates that appellant had no clue as to the consequences of his
guilty plea concerns the legal advice the court interpreter, Julieta, provided to [a]ppellant." (7) 
While appellant does not expressly reference article 26.13 in his brief, his complaint is
essentially that the interpreter and not the trial court admonished him as to the
consequences of his guilty plea. The admonishments he complains of are those provided
for in article 26.13. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2004-05). 
 Trial courts are not required to provide misdemeanor defendants with article 26.13
admonishments. Johnson, 614 S.W.2d at 120 n.1; Mcguire v. State, 617 S.W.2d 259, 261
(Tex. Crim. App. 1981). Article 26.13 requires admonishments only in felony cases. It
does not apply to misdemeanor cases. (8) In Johnson, the court wrote: However commendable it may be for a trial judge to admonish
one accused of a misdemeanor offense, as he must where a
person is charged with a felony, . . . there is no requirement in
Texas law for a trial court to admonish an accused person of
anything if the offense is classified as a misdemeanor. 


 Johnson, 614 S.W.2d at 120 n.1 (emphasis added). 

 The trial court was not required to give any article 26.13 admonishments. 
Nevertheless, the record contains evidence that the trial court verbally admonished
appellant as to the charges he was facing, the range of punishment, his right to counsel,
and the possibility of deportation. The record also reflects that the interpreter translated
the Misdemeanor Plea of Guilty/Nolo Contendere documents to appellant. The documents
tracked the language of article 26.13. We therefore overrule appellant's second sub-issue.

 Appellant's third sub-issue alleges that when he asked the court for permission to
speak during his misdemeanor proceeding, he put the court on notice that he wanted
something and the court was under a duty to inquire into the nature of his issue before
continuing. Appellant has not provided any authority in support of his argument and
therefore there is nothing before us to review. See Tex. R. App. P. 38.1(h).

 In his fourth sub-issue, appellant also argues that his guilty plea was not entered
voluntarily because the trial court failed to inform him that his guilty plea would lead to his
deportation. While the legislature requires that a trial court admonish persons pleading
guilty of a felony offense that their plea might result in deportation, it chose not to require
such admonishments for persons charged with misdemeanors. Jimenez, 987 S.W.2d at
889. Again, even if article 26.13 applied to misdemeanors, "that a guilty plea may result
in deportation is generally a collateral consequence" and "a guilty plea will not be rendered
involuntary by lack of knowledge as to some collateral consequence." Id. at 888-89. We
overrule appellant's fourth sub-issue. 

CONCLUSION

 Because the record supports the finding that appellant made a valid waiver of his
right to counsel and because the trial court was not required to admonish appellant under
26.13 regarding the consequences of his guilty plea we affirm the judgment of the trial
court. 

 

 _______________________

 DORI CONTRERAS GARZA,

 Justice


Concurring Memorandum Opinion

by Justice Errlinda Castillo.


Do not publish. 

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 9th day of June, 2005.
1. Tex. Pen. Code Ann. § 22.01(a), (b)(2) (Vernon Supp. 2004-05).
2. Appellant was convicted of both prior misdemeanor family violence convictions in the same
proceeding on June 30, 2000, and in all three occurrences, the victim was appellant's wife. 
3. A prior conviction that is alleged for enhancement may be collaterally attacked if it is void or if it
is tainted by a constitutional defect. See Galloway v. State, 578 S.W.2d 142, 143 (Tex. Crim. App. [Panel
Op.] 1979); Wilson v. State, 44 S.W.3d 602, 606 (Tex. App.-Fort Worth 2001, pet. ref'd). 
4. The Misdemeanor Plea of Guilty/Nolo Contendere documents, which were translated for and
signed by appellant, explain, in relevant part, the charges being brought, the range of punishment,
defendant's right to counsel, defendant's right to have counsel appointed if indigent, the risk of
deportation, and the possible use of the case for enhancement purposes. The documents also contain a
paragraph asserting that "I have been admonished of the nature of the charges against me, all of my
rights and the consequences of entering a plea of guilty or nolo contendere, hereby state in open court
and in writing that: I understand the charges against me; I knowingly and voluntarily waive the above
mentioned rights; committed the offense alleged in the information and am guilty as charged. I specifically
waive my right to be represented by an attorney . . . ."
5. Those cases finding a knowing and intelligent waiver without a specific inquiry into background
and experience contained additional facts or evidence that support the conclusion that the trial court found
the defendant of sufficient intelligence and acumen. See Burgess v. State, 816 S.W.2d 424, 427 (Tex.
Crim. App. 1991) (en banc) (defendant stated that he finished 120 hours of college credit); Williams v.
State, 925 S.W.2d 272, 274 (Tex. App.-Corpus Christi 1996, no pet.);; Hobbs v. State, 778 S.W.2d 185,
187 (Tex. App.-Beaumont 1989, no pet.) (psychological evaluation to determine that defendant was
competent to stand trial); Fultz v. State, 632 S.W.2d 787, 790 (Tex. App.-Houston [14th Dist.] 1982, pet.
ref'd) (some 100 pages of transcript reflecting that the defendant knew what he was doing). 
6. Appellant has not raised any specific issues as to the accuracy of the interpreter's translation;
instead, appellant seems to take issue with the interpreter's use of sight translation in explaining the
meaning of legal terms within the documents. See Montoya v. State, 811 S.W.2d 671, 673 (Tex.
App.-Corpus Christi 1991, no pet.) (overruling appellant's request for new translator where he was not
getting a "word-by-word" translation and finding that the bailiff was sufficiently competent as a translator to
serve appellant's needs during the trial); Frescas v. State, 636 S.W.2d 516, 518 (Tex. App.-El Paso1982,
no pet.) (appellant has presented no specific example of misunderstanding). The interpreter did testify
that she sometimes "sight translates" documents; however, her testimony related primarily to the
procedure in County Court-at-Law Number 2. Appellant was convicted in County Court-at-Law Number 1. 
Appellant did not present any specific example of sight translation or misunderstanding nor did the
interpreter's testimony establish that she sight translated the documents to appellant in this case. When
explaining that she sight translates "big words," the interpreter testified that "maybe that was the case in
this case. I'm not sure." Even if appellant were attacking accuracy of the interpreter's translation,
"[a]ccuracy of the translation of criminal proceedings for non-English speaking defendants is a fact
question properly addressed to the trial court and is not reviewable by an appellate court." Kan v. State, 4
S.W.3d 38, 43 (Tex. App.-San Antonio 1999, no pet.). 
7. Appellant has presented no specific example of legal advice given to him by the interpreter. The
record reflects that the interpreter did no more than translate the information contained in the plea
documents. The information in the documents consisted of the admonishments as well as explanations of
the consequences of entering a guilty plea. Without specific examples of legal advice given by the
interpreter, we cannot conclude that translation of this information amounted to legal advice. 
8. Article 27.13 of the Texas Code of Criminal Procedure specifies that when a plea of guilty or
nolo contendere is made in a felony case, "the proceedings shall be as provided in article 26.13." Tex.
Code Crim. Proc. Ann art. 27.13 (Vernon 1989). But when such a plea is made in a misdemeanor case,
the corresponding statute, article 27.14, does not contain or refer to a statute that contains such a right. 
See Gutierrez v. State, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003) (en banc).