AFFIRMED; Opinion Filed January 22, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00202-CR

## FREDERICK ADAM NEWKIRK, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Kaufman County, Texas
Trial Court Cause No. 10-CL-1001

## OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Lang

Frederick Adam Newkirk appeals the trial court's judgment convicting him of possession of marijuana in an amount of two ounces or less.[1] During the trial, Newkirk represented himself. The jury found Newkirk guilty, that the offense occurred in a drug-free zone, and assessed his punishment at one year of confinement and a $4,000 fine. Newkirk raises two issues on appeal arguing: (1) the trial court did not adequately advise him of the dangers and disadvantages of self-representation; and (2) the evidence is insufficient to show that he knowingly or intentionally possessed marijuana. We conclude the trial court was not required to advise Newkirk of the dangers

---

[1] The statutory spelling of the substance is "marihuana." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(26), .481.120–.122 (West 2010); *Smith v. State*, 176 S.W.3d 907, 911 n.1 (Tex. App.—Dallas 2005, no pet.). The common spelling of the word is "marijuana." *See Smith*, 176 S.W.3d at 911 n.1.

and disadvantages of self-representation because he had standby counsel at his disposal and the evidence is sufficient to support Newkirk's conviction. The trial court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

While on patrol, Officer Dock Ballard observed a vehicle that was missing the back window. He followed the vehicle and observed that the driver failed to signal during two turns. He pulled the vehicle over near an elementary school. Newkirk was the driver and there were no passengers in the vehicle. Ballard obtained Newkirk's driver's license and insurance, and returned to his patrol car to run the information. He learned that there were two outstanding warrants for Newkirk. As a result, Ballard arrested Newkirk and placed him in the back of the patrol car.

Meanwhile, Ballard made arrangements for Newkirk's vehicle to be impounded. Officer Christopher Lee, who arrived at the scene after Newkirk was pulled over, inventoried the vehicle for impoundment. Lee found a small Ziploc bag "in a flap in front of the [driver's] seat like a little map packet or something like that." Inside the bag, Lee found marijuana.

Newkirk was charged by information with possession of marijuana in an amount of two ounces or less. Before trial, Newkirk's defense counsel sought to withdraw. A hearing was held on that motion and on Newkirk's request to assert his right of self-representation. The trial court granted defense counsel's motion to withdraw, but appointed him to serve as Newkirk's standby counsel. Then, the trial court made an inquiry into Newkirk's request to waive his right to counsel and exercise of his right of self-representation. After the trial, the jury found Newkirk guilty, that the offense occurred in a drug-free zone, and assessed his punishment at one year of confinement and a $4,000 fine.

## II. RIGHT TO SELF-REPRESENTATION

In issue one, Newkirk argues the trial court did not adequately advise him of the dangers and

disadvantages of self-representation. He claims that the trial court failed to advise him: (1) of the charges against him; (2) of the possible range of punishment; (3) of his right to call witnesses; (4) of any technical questions dealing with the definition of marijuana or drug-free zones; (5) of the consequences of an allegation that the offense occurred in a "drug-free zone"; and (6) that he would not receive any special consideration because he was proceeding pro se. Also, he argues the trial court did not inquire into his ability to make a knowing, capable, and voluntary waiver, whether he understood the written admonishments, or whether he had any questions about the written admonishments he was signing. Further, Newkirk claims that the written admonishments were inadequate and failed to conform to the statutory requirements of article 1.051 of the Texas Code of Criminal Procedure. He acknowledges that before trial, the trial court advised him of certain procedural rules—when to stand and when to speak. The State responds that the trial court adequately admonished Newkirk of the dangers and disadvantages of self-representation and any deficiency in the admonishments was not harmful error because the trial court appointed stand-by counsel for Newkirk.

### A. Applicable Law

Federal and state law guarantee a criminal defendant the right to the assistance of counsel as well as the right to waive counsel and represent himself. *See* U.S. CONST. amend. VI & XIV; TEX. CONST. art. 1 § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05 (West 2005) (accused "shall have right of being heard by himself, counsel, or both"); *Faretta v. California*, 422 U.S. 806, 818–820 (1975); *Hatten v. State*, 71 S.W.3d 332, 333 (Tex. Crim. App. 2002). In *Faretta*, the U.S. Supreme Court established the independent right of self-representation, in addition to the previously recognized right to waive the assistance of counsel. *Faretta*, 422 U.S. 806.

A defendant may choose to proceed pro se by exercising his right of self-representation. *Eg.*

TEX. CONST. art. 1 § 10 ("[an accused] shall have the right of being heard by himself ..."); *Faretta*, 422 U.S. at 818–820 (1975); *Moore v. State*, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999); *Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997); *Geeslin v. State*, 600 S.W.2d 309, 313 (Tex. Crim. App. 1980). When the right of self-representation was established in *Faretta*, the Supreme Court stated that "[a]lthough a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation . . ." *Faretta*, 422 U.S. at 835; *accord Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984); *Martin v. State*, 630 S.W.2d 952, 954 (Tex. Crim. App. 1982); *Collier*, 959 S.W.2d at 626. Once a defendant asserts his right of self-representation, a trial court is obligated to advise the accused of the dangers and disadvantages of self-representation. *Ex parte Winton*, 837 S.W.2d 134, 135 (Tex .Crim. App. 1992); *Williams v. State*, 774 S.W.2d 703, 705 (Tex. App.—Dallas 1989, pet. ref'd).

However, when a trial court appoints standby counsel, the admonishments are not required. *Walker v. State*, 962 S.W.2d 124, 126–27 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *Robertson v. State*, 934 S.W.2d 861, 865–66 (Tex. App.—Houston [14th Dist.] 1996, no pet.); *see Maddox v. State*, 613 S.W.2d 275, 286 (Tex. Crim. App. 1980) (op. on motion for reh'g) (admonishment required only where defendants represent themselves without assistance of counsel); *see also Sumrell v. State*, No. 05-09-00238-39-CR, 2010 WL 3123302, at *2 (Tex. App.—Dallas Jan. 26, 2011, pet. ref'd) (not designated for publication); *Blanton v. State*, No. 05-05-01060-CR, 2006 WL 2036615, at *1 n.2, 3 (Tex. App.—Dallas July 21, 2006, pet. ref'd) (not designated for publication); *Robinson v. State*, No. 05-04-00235-CR, 2005 WL 1670626, at *2 (Tex. App.—Dallas July 19, 2005, no pet.) (not designated for publication); *Young v. State*, No. 05-98-00036-CR, 2000 WL 2676, at *1 (Tex. App.—Dallas Jan. 4, 2000, no pet.) (not designated for publication). *But see*

*Grant v. State*, 255 S.W.3d 642, 647–48 (Tex. App.—Beaumont 2007, no pet.) (disagreeing with *Walker* and *Robertson* that appointment of standby counsel relieves trial court of responsibility to admonish defendant about dangers and disadvantages of self-representation, but determining defendant voluntarily and knowingly waived right to counsel). In cases where hybrid representation is allowed or standby counsel is appointed, "no question of waiver of counsel is involved," since counsel remains to assist the defendant, and as a result, there is no need to admonish the defendant of the dangers and disadvantages of self-representation. *See Maddox*, 613 S.W.2d at 286; *Robertson*, 934 S.W.2d at 865.

### B. Application of the Law to the Facts

The record shows that Newkirk signed a one-page document titled "Notice Concerning Dangers and Disadvantages of Self-Representation and Notice Concerning Financial Inability to Hire An Attorney" on two separate occasions before his trial. The first notice was signed on September 2, 2010, and the second was signed on January 13, 2011. Then, on March 31, 2011, the trial court signed an order that determined Newkirk was indigent and appointed him trial counsel. Newkirk's trial counsel sought to withdraw. On November 16, 2011, a hearing was held on that motion and on Newkirk's request to assert his right of self-representation. After the trial court granted defense counsel's motion to withdraw, it appointed standby counsel for Newkirk. Then, the trial court made an inquiry into Newkirk's desire to represent himself and standby counsel assisted Newkirk during the trial court's inquiry. Newkirk's trial began on December 5, 2011. During voir dire, Newkirk stated that he was a "college student," and he "majored in psychology" and "minored in criminal justice." During his opening statement, Newkirk stated he was "ex-military" and a "war vet."

Consistent with *Walker*, *Robertson*, and *Maddox*, this Court has previously held that when a defendant has standby counsel at his disposal, the trial court is not required to admonish the

defendant on the dangers and disadvantages of self-representation. *See Sumrell*, 2010 WL 3123302, at *2; *Blanton*, 2006 WL 2036615, at *1 n.2, 3; *Robinson*, 2005 WL 1670626, at *2; *Young*, 2000 WL 2676, at *1.

We cannot conclude the trial court did not adequately advise Newkirk of the dangers and disadvantages of self-representation because Newkirk had standby counsel at his disposal and, as a result, the trial court was not required to admonish Newkirk. Issue one is decided against Newkirk.

## III. SUFFICIENCY OF THE EVIDENCE

In issue two, Newkirk argues the evidence is insufficient to show that he knowingly or intentionally possessed marijuana. Newkirk claims there are no links connecting him to the marijuana. The State responds that Newkirk was in sole possession of the vehicle in which the marijuana was found and his testimony confirmed his knowledge of the illegal nature of the marijuana. Also, the State argues it adduced sufficient facts and circumstances to link Newkirk to the marijuana.

### A. Standard of Review

When reviewing the sufficiency of the evidence, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). Appellate courts are required to determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 902 n.19. An appellate court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Jackson*, 443 U.S. at 319,

326; *Merritt*, 368 S.W.3d at 525; *Brooks*, 323 S.W.3d at 899. All evidence, whether properly or improperly admitted, will be considered when reviewing the sufficiency of the evidence. *See McDaniel v. Brown*, 558 U.S. 120, 130 S. Ct. 665, 672 (2010) (per curiam); *Lockhart v. Nelson*, 488 U.S. 33, 41–42 (1988); *Jackson*, 443 U.S. at 319.

### B. Applicable Law

The Texas Controlled Substances Act provides in relevant part that a person commits an offense if he knowingly possesses marijuana in an amount of two ounces or less. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.121 (West 2010). An offense otherwise punishable under section 481.121(b)(1) is a class A misdemeanor if it is shown the offense was committed in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.134(f) (West 2010).

To prove unlawful possession of a controlled substance, the State must demonstrate that (1) the defendant exercised care, custody, control, or management over the substance; and (2) the defendant knew the matter possessed was contraband. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Whether direct or circumstantial, the evidence must establish that the defendant's connection with the controlled substance was more than just fortuitous. *See Evans*, 202 S.W.3d at 161; *Poindexter*, 153 S .W.3d at 405.

Mere presence at the location where the controlled substance was found is insufficient, by itself, to establish possession. *See Evans*, 202 S.W.3d at 162. However, when a defendant is exerting exclusive control over a vehicle, it may be inferred that he has knowledge of what is in that vehicle and he may be deemed to have possessed any contraband found in it. *See Menchaca v. State*, 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref'd); *Castellano v. State*, 810 S.W.2d 800, 806 (Tex. App.—Austin 1991, no pet.) (citing *United States v. Richardson*, 848 F.2d 509, 513 (5th

Cir.1988)). Although knowledge of the contraband may be inferred from the defendant's exclusive control of the vehicle, some courts have cautioned that sole reliance on the defendant's control of the vehicle should not be used to show knowledge when the contraband is found in a hidden compartment. *See Castellano*, 810 S.W.2d at 806; *United States v. Olivier-Becerril*, 861 F.2d 424, 426–27 (5th Cir.1988); *United States v. Del Aguila-Reyes*, 722 F.2d 155, 157 (5th Cir.1983). When contraband is found in a hidden compartment of a vehicle in which the defendant was the sole occupant, courts have often required a showing of "additional factors indicating knowledge such as circumstances indicating a consciousness of guilt on the part of the defendant." *See Menchaca*, 901 S.W.2d at 652.

### C. Application of the Law to the Facts

The record shows that Newkirk was driving the vehicle and alone. Because Newkirk had exclusive control of the vehicle, it may be inferred that he had knowledge of what was in it, i.e., the marijuana. *See Menchaca*, 901 S.W.2d at 652; *Castellano*, 810 S.W.2d at 806. Nevertheless, reliance solely on Newkirk's control of the vehicle should not be used to infer knowledge when the contraband is found in a hidden compartment. *See Castellano*, 810 S.W.2d at 806. However, in this case, the marijuana was not found in a hidden compartment. Instead, the police officer testified he found it "in a flap in front of the [driver's] seat like a little map packet or something like that." Further, during his opening statement and testimony at trial, Newkirk stated he had "been using pot since [he was] thriteen years old" and "if [he] had [known] [] about [the marijuana] . . . [he] would have smoked it, it wouldn't have been sitting in [his] car." Accordingly, we conclude that the evidence is sufficient to show Newkirk knowingly or intentionally possessed the marijuana. Issue two is decided against Newkirk.

## IV. CONCLUSION

The trial court was not required to advise Newkirk of the dangers and disadvantages of self-representation because he had standby counsel at his disposal. Also, the evidence is sufficient to support Newkirk's conviction.

The trial court's judgment is affirmed.

_____
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120202F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## **JUDGMENT**

FREDERICK ADAM NEWKIRK,
Appellant

No. 05-12-00202-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law of
Kaufman County, Texas. (Tr.Ct.No. 10-CL-
1001).
Opinion delivered by Justice Lang, Justices
Moseley and Francis participating.

     Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered January 22, 2013.


_____
DOUGLAS S. LANG
JUSTICE